No. 65,517

STATE OF KANSAS, *Appellee*, v. DONALD BOOMGAARN, *Appellant*.

(822 P.2d 605)

Opinion filed December 6, 1991.

*Elizabeth A. Sterns*, assistant appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with her on the brief for appellant.

*Phillip A. Burdick*, county attorney, argued the cause, and *Robert T. Stephan*, attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

ALLEGRUCCI, J.: Donald Boomgaarn appeals the district court's disposition of his motion to modify his sentence. The Court of Appeals reversed the district court and remanded the case in an unpublished opinion, *State v. Boomgaarn*, No. 65,517, filed May 3, 1991. We granted the State's petition for review.

Defendant Donald Boomgaarn entered a plea of guilty to two counts of indecent liberties with a child in violation of K.S.A. 1990 Supp. 21-3503. The district court sentenced him to concurrent terms of not less than 5 nor more than 15 years.

After being evaluated at the State Reception and Diagnostic Center (SRDC), Boomgaarn filed a motion seeking modification of his sentence to a period of probation. The SRDC report recommended probation. The pertinent portion of the report states the following:

"The team feels that Mr. Boomgaarn has shown a number of problems that probably will not get better unless there is some structure in his life and a message that he has to grow up is driven strongly into him. All together though, incarceration might be detrimental on [him] in the long-run. We are therefore advising a highly structured probation with an initial step of inpatient treatment for his drug and alcohol problems. He should after that be placed in a halfway house, and the time used to help him obtain a GED, and vocational training or work, whichever is more practical. He will need to develop a supportive, predictable relationship with his parole officer. He should stay engaged in N.A.'s and A.A.'s all throughout his probation period."

Following a hearing, the district court reduced the sentence to concurrent terms of not less than 4 nor more than 10 years.

There is no dispute that the applicable statute is K.S.A. 1989 Supp. 21-4603(3). It states in pertinent part:

"[A]t any time within 120 days after a sentence is imposed . . . the court . . . shall modify such sentence if recommended by the state reception and diagnostic center unless the court finds that the safety of the public will be jeopardized and that the welfare of the inmate will not be served by such modification."

The parties agree that, where the SRDC report recommends modification of the sentence, the court is required to do one of two things—modify the sentence or find that modification will jeopardize public safety and will not benefit the inmate. Boomgaarn argues that, if the court modifies the sentence, modification must be in accordance with the SRDC report recommendation. The Court of Appeals agreed, holding that the trial court must follow the SRDC recommendation for probation unless it states on the record that a defendant's release would jeopardize the public safety and fail to benefit the defendant.

K.S.A. 1989 Supp. 21-4603(3) allows a trial court the alternative of declining to adopt the SRDC's recommendation to modify the sentence where it "finds that the safety of the public will be jeopardized and that the welfare of the inmate will not be served

by such modification." At the conclusion of the hearing on defendant's motion to modify, the district court said:

"Very well. Well, the Court recalls this case and when Mr. Boomgaarn was before this Court. The Court has reviewed the report from the State Reception and Diagnostic Center. The defendant's attitude when he personally was before the Court seems to be reflected in the SRDC report under section roman numeral three of the SRDC report. They make the observation that Mr. Boomgaarn seems to be oblivious to the consequences to the victim of the offense even though he says that he is sorry for what he did, and that same paragraph there goes on to comment later in the text of the report that he acts like he didn't know what the law was. He accepts at this point to have done wrong only on the account of the fact that the law says so. It's the Court's recollection that Mr. Boomgaarn did very little to show that he had any remorse in his heart at the time this sentence was imposed.

"On page seven of the report there's a comment that Mr. Boomgaarn had a superficial somewhat matter-of-fact approach to his offense, devoid of major recognition for his improper nature and of any actual sense of guilt or sorrow. On that same page of the report the observation is made that Mr. Boomgaarn's judgment is characterized in its problem assessing by use of a great deal of rationalization and it seems to be unable to discern subtleties and nuances. He tends to be somewhat simplistic and he shows poor insight and lack of imagination.

"Under the section roman numeral four the team summary on page 8 of the report the finding is made that Mr. Boomgaarn's approach to the present offense left a lot to be desired. However, we do not have enough data to diagnose him with any special sexual perversion, and the Court recognizes that. The Court realizes that Mr. Boomgaarn is a young man, that he has his entire life ahead of him. That at 23 years of age he's got to take ahold of his own life because he alone will control his destiny as to whether he ends up in the penal system on frequent occasions or whether he becomes a productive member of society and becomes a credit to himself and his family. I recognize all of these factors, but the Court still recognizes the fact that the criminal justice system is there to protect society and it's the opinion of this Court that Mr. Boomgaarn has exhibited very little concern for the seriousness of the offense that he has committed. So I'm going to deny the request for probation at this time. The Court will modify Mr. Boomgaarn's sentence and he's presently sentenced to a minimum term of five years and a maximum of 15 pursuant to penalties provided for class C felonies. The Court is going to go ahead and modify the sentence for each of the class C felonies that he was found guilty of in violation of K.S.A. 21-3503 and sentence the defendant to a minimum term of four years and a maximum term of ten years. It's this Court's hope that Mr. Boomgaarn will avail himself of the educational and counseling opportunities that are available while he's in the jurisdiction of the Secretary of Corrections and that he will at the time of his release be in a better position to deal with

the social problems that confront young people in our society. That will be the order of the Court and I'll ask that [defendant's counsel] journalize that."

Defendant argues that the district court "made neither a finding that the appellant is a threat to the public safety nor that he would not benefit from probation." The State contends that the district court made the proper findings and that there was sufficient evidence before the court to support them. The State also suggests that there was some burden on defendant to show that probation would be warranted, but no authority was supplied and none has been located for this proposition. It has no merit.

A fair reading of these remarks made by the district court at the conclusion of the hearing on defendant's motion to modify his sentence reveals that the court did consider the public safety and the welfare of the defendant. It also reveals that the court found that neither would be well served by reducing the sentence to a period of probation.

With regard to the welfare of the defendant, the district court expressed its recognition of the defendant's current status and the need to provide him with an environment conducive to personal growth:

"The Court realizes that Mr. Boomgaarn is a young man, that he has his entire life ahead of him. That at 23 years of age he's got to take ahold of his own life because he alone will control his destiny as to whether he ends up in the penal system on frequent occasions or whether he becomes a productive member of society and becomes a credit to himself and his family."

Continuing this train of thought, the district court expressed its belief that the availability of services to defendant during his incarceration could benefit him. The district court concluded the hearing by expressing its hope that Boomgaarn will avail himself of the educational and counseling opportunities that are available while he is in the jurisdiction of the Secretary of Corrections and that he will at the time of his release be in a better position to deal with the social problems that confront young people in our society.

With regard to public safety, the district court noted that SRDC staff members "make the observation that Mr. Boomgaarn seems to be oblivious to the consequences to the victim of the offense." It noted that the defendant's lack of remorse or recognition of

his wrongdoing had impressed both the court and SRDC staff. The district court concluded that "the criminal justice system is there to protect society and it's the opinion of this Court that Mr. Boomgaarn has exhibited very little concern for the seriousness of the offense that he has committed. So I'm going to deny the request for probation at this time."

The district court is not required to utter any particular words in order to comply with K.S.A. 1989 Supp. 21-4603(3). The above-quoted statements by the district court show that whether or not the safety of the public would be jeopardized had been considered. They also show that whether or not the welfare of the inmate would be served had been considered. And they show that the court's disposition of the sentencing request was based on the findings it had made pursuant to the statute.

We note that the legislature has amended this statute. K.S.A. 1990 Supp. 21-4603(4)(a) makes the following requirement:

"[W]ithin 120 days after a sentence is imposed . . . the court . . . shall modify such sentence if recommended by the Topeka correctional facility—east unless the court finds *and sets forth with particularity the reasons for finding* that the safety of members of the public will be jeopardized or that the welfare of the inmate will not be served by such modification." (Emphasis added.)

A more difficult question would be presented if the adequacy of the district court's remarks was to be measured by the current statute. By the standard of the applicable statute, however, we find that the remarks are adequate. They leave no room for doubt that the district court considered the relevant issues and found that neither public safety concerns nor the defendant's welfare would benefit from modifying the sentence. This is not a case in which the district court failed to articulate the considerations and conclusions which motivated it to depart from the SRDC recommendation. Thus, the district court was not required to modify the sentence pursuant to K.S.A. 1989 Supp. 21-4603(3).

The judgment of the Court of Appeals reversing the district court and remanding the case to the district court is reversed. The judgment of the district court is affirmed.