(834 P.2d 1371)

No. 67,324

STATE OF KANSAS, *Appellee,* v. TERRY S. HUSKEY, SR., *Appellant.*

Opinion filed July 17, 1992.

*Carl E. Cornwell,* of Kansas City, and *Kevin C. Sevedge,* of Kansas City, for appellant.

*Jerome A. Gorman,* assistant district attorney, *Nick A. Tomasic,* district attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before LEWIS, P.J., LARSON, and GERNON, JJ.

LARSON, J.: Terry S. Huskey, Sr., appeals the denial of his motion to modify his sentence.

The issue for our determination is whether the sentencing judge complied with K.S.A. 1990 Supp. 21-4603(4)(a) in denying the request of Huskey to be placed in a community corrections program.

Huskey was sentenced on July 19, 1991, to the custody of the Secretary of Corrections, for a controlling term of one to five years, following his guilty pleas to one count of theft, one count of attempted possession of cocaine, and one count of possession

of marijuana. The Topeka correctional facility-east (TCFE) recommended that the sentence be modified and Huskey be placed under the supervision of community corrections.

In denying the motion to modify, the sentencing judge stated:

"Well, as you know, this is a three-Judge Panel, and I'll be glad to give you my reasons, if you want me to, but I think, it's—I don't know that this is any different than a jury, but, I think, Mr.—as far as I'm concerned, his connection with the drug industry—and, this had to do with stolen antique guns.

"And, in the course of the investigation, there was a lot of uncovering of drugs.

"And the original panel didn't see fit to grant him probation.

"As far as I'm concerned, as a Member of this Panel, I don't think he is deserving of probation at this time."

The other members of the sentencing panel concurred. The record, including the journal entry, bears no other discussion of particular reasons for rejecting the recommendation. Neither the transcript nor the journal entry incorporate or refer to the TCFE report.

The State argues the "district court is not required to utter any particular words in order to comply with" the statute. *State v. Boomgaarn,* 249 Kan. 673, 677, 822 P.2d 605 (1991). However, *Boomgaarn* was decided under K.S.A. 1989 Supp. 21-4603(3), which did not require "particular findings." 249 Kan. at 677. As Huskey contends, the important statement made in *Boomgaarn* is:

"We note that the legislature has amended this statute. K.S.A. 1990 Supp. 21-4603(4)(a) makes the following requirement:

'[W]ithin 120 days after a sentence is imposed . . . the court . . . shall modify such sentence if recommended by the Topeka correctional facility-east unless the court finds *and sets forth with particularity the reasons for finding* that the safety of members of the public will be jeopardized or that the welfare of the inmate will not be served by such modification.' [The italicized portion is the specific wording added by L. 1990, ch. 149, § 1.]

A more difficult question would be presented if the adequacy of the district court's remarks [in the *Boomgaarn* case] was to be measured by [K.S.A. 1990 Supp. 21-4603(4)(a)]." 249 Kan. at 677.

That "more difficult question" is now before this court. The State asserts the statements made by the sentencing court were suf-

ficient. Huskey, as expected, argues the opposite. *Boomgaarn* did not answer the question it posed.

Huskey states he finds no reported authority applying K.S.A. 1990 Supp. 21-4603(4)(a). Several cases have addressed the 1989 and 1990 versions of the statute, but none directly apply the particularity requirement. See *State v. Reed,* 248 Kan. 792, 811 P.2d 1163 (1991) (reversal of district court's invalidation of K.S.A. 1989 Supp. 21-4603(3)(a) as violative of separation of powers doctrine); *State v. Zirkle,* 15 Kan. App. 2d 674, 677-78, 814 P.2d 452 (1991) (K.S.A. 1990 Supp. 21-4603[4][a] permits downward modification of sentences but does not allow harsher sentences to be imposed).

In *State v. Grimsley,* 15 Kan. App. 2d 441, 808 P.2d 1387 (1991), we applied K.S.A. 1990 Supp. 21-4603(4)(a) without expressly discussing the particularity requirement. We did note that the authority to modify is discretionary and, absent an abuse of that discretion, this court will not reverse the lower court's decision. 15 Kan. App. 2d at 447. The TCFE report in *Grimsley* was not "favorable" to defendant and in fact recommended continued incarceration. The district court judge noted he had reviewed the file, the defendant's criminal record, and the TCFE report. 15 Kan. App. 2d at 446-47.

Huskey claims the comments by the trial court show no reason why the safety of the public would be jeopardized. The statute requires that the court state the particular reasons for rejecting the TCFE recommendation. The sentencing judge, in response to Huskey's counsel's request for reasons for the ruling, stated the motion was denied because Huskey had "connection[s] with the drug industry," "this had to do with stolen antique guns," "in the course of the investigation there was a lot of uncovering of drugs," and the original panel had denied probation.

"When the legislature revises an existing law, it is presumed that the legislature intended to change the law as it existed prior to the amendment. [Citations omitted.] In determining legislative intent, the court is not required to examine only the language of the statute, but may properly 'look into the causes which impel the statute's adoption, the objective sought to be attained, the statute's historical background and the effect the statute may have under the various constructions suggested.' [Citations omitted.]" *Hughes v. Inland Container Corp.,* 247 Kan. 407, 414, 799 P.2d 1011 (1990).

Because of the addition of the specific requirement that the trial court must find *"and [set] forth with particularity the reasons* for finding that the safety of members of the public will be jeopardized *or* that the welfare of the inmate will not be served by such modification," we must give added significance to this requirement and insure that its specific direction is followed before a direct recommendation of TCFE is rejected. The reason for this amendment may be found in legislative worries over prison overcrowding and the desire to give heightened consideration to comprehensive testing and the interviewing process within the corrections system, or to insure unbiased input into decisions regarding modification of sentences, but there is no question the 1990 legislature mandated that before the TCFE recommendation be rejected, the trial court is required to verbalize with particularly its reason for so doing.

Webster's Dictionary defines particularity as "[t]he quality or state of being particular or distinct rather than general," with "[e]xactitude of detail, [especially] in description," and with "[a]ttention to or concern with details." Webster's II New Riverside University Dictionary 857 (1984).

The statements made by the sentencing judge when tested by the definitions set forth above are deemed to be general in nature and without sufficient detail to satisfy the statutory requirements.

Under the facts of this case, we find the trial court did not satisfactorily comply with the legislative requirement. The fact that this was a drug case or that antique guns were stolen is not by itself sufficient to satisfy the statutory mandate.

The court must fully and with particularity explain the basis for its conclusion that the safety of the public would be jeopardized or that the welfare of the inmate would not be served by the modification recommended. In this case, it did not do so.

The denial of the motion to modify is reversed. This matter is remanded to be considered by a Wyandotte County sentencing panel consisting of different judges than those who previously considered the motion to modify. See *State v. Heide,* 249 Kan. 723, 731, 822 P.2d 59 (1992); *State v. Blackmore,* 249 Kan. 668, 671-72, 822 P.2d 49 (1991).