CORRECTED OPINION

NOT DESIGNATED FOR PUBLICATION

Nos. 114,816
114,817

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RODOLFO RAMIREZ,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed December 9, 2016. Vacated and remanded with directions.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., LEBEN and GARDNER, JJ.

LEBEN, J.: Rodolfo Ramirez appeals the district court's decision to impose his prison sentence—rather than a brief stay in jail or prison followed by continued supervision—after Ramirez violated his probation. The district court concluded that it could send Ramirez to prison without the short-term punishment (called an intermediate sanction) because Ramirez had absconded and because Ramirez' welfare wouldn't be served by intermediate sanctions.

Ramirez has appealed, and we find his arguments persuasive. First, the district court did not apply the definition of absconding set out in published decisions of our court that are binding on the district court. Second, the district court did not provide the required particular reasons to support its conclusion that Ramirez' welfare wouldn't be served by sanctions short of imprisonment. Accordingly, we vacate the district court's order imposing Ramirez' prison sentence and remand the case for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

Rodolfo Ramirez pled guilty to aggravated battery and criminal possession of a firearm in 2013. On January 8, 2014, the district court sentenced him to 24 months of probation for aggravated battery with an underlying prison sentence of 17 months. For criminal possession of a firearm, the district court sentenced Ramirez to 18 months of probation with an underlying prison term of 15 months. The district court ordered the sentences to run consecutively, or one after the other, for a total underlying sentence of 32 months that he would have to serve if he didn't successfully complete probation.

On May 15, 2014, Ramirez stipulated to violating his probation. The district court reinstated Ramirez' probation but restarted the 24-month term and ordered him to serve it at the Residential Community Corrections Program.

On January 21, 2015, the district court issued a warrant for Ramirez' arrest based on two alleged probation violations: (1) Ramirez had failed to attend a child-support hearing on January 9, 2015; and (2) Ramirez had failed to report to his probation officer, Kristine Cody, by January 20, 2015, as directed by a violation letter mailed to his last known address. Ramirez was arrested at his workplace 6 months later. A month after that, the State submitted additional allegations that Ramirez had violated his probation by

2

failing to report to his probation officer in February, March, April, May, and June 2015. The State also alleged that Ramirez had absconded from probation.

The district court held an evidentiary hearing on Ramirez' alleged probation violations on August 26, 2015. At the hearing, Cody testified that she had been Ramirez' probation officer from May 2014, when he entered the Residential Program, to September 2014, when he was released. Cody testified that after Ramirez had been released from the Residential Program, he had regularly reported to her on Wednesday evenings.

But Cody said that Ramirez had quit reporting to her after January 7, 2015. She testified that on January 6, she had learned that a warrant for failure to pay child support had been issued for Ramirez. She told Ramirez by telephone the next day that he needed to attend a walk-in docket on January 9, 2015, to set up a payment plan for the unpaid child support. Cody testified that she had told Ramirez to report to her after he attended the docket on January 9 but that he hadn't contacted her.

As a result, Cody mailed a violation letter to Ramirez' last known address on January 15, 2015. The letter directed Ramirez to report to her on January 20, 2015. Cody testified that Ramirez had not contacted her as directed. Cody stated she had attempted to contact Ramirez through his employer, although she could not remember the date of the contact. The employer did not call her back. On cross-examination, Cody stated that the only measures she had taken to contact Ramirez after his initial violation consisted of mailing the violation letter and calling his employer.

Cody testified that she hadn't known where Ramirez was until his arrest on June 26, 2015. She testified that Ramirez had not reported to her in February, March, April, or May 2015—and that she had had no contact with him before or after his arrest in June.

3

Ramirez' mother, Maria Ramirez, testified that Ramirez had lived with her after his release from the Residential Program in September 2014 until his arrest in June 2015. Maria testified that a police officer had once visited their house, but Ramirez hadn't been at home. She testified that she had told the officer that Ramirez was with his girlfriend. Maria stated that the officer hadn't inquired further into Ramirez' whereabouts. Additionally, Maria testified that Ramirez had held a full-time job and went to work regularly.

During closing arguments, the State argued that Ramirez had not followed his probation officer's directions and that he had absconded from supervision when he failed to report for 6 months. Ramirez' counsel argued that the district court should not find that Ramirez absconded because his failure to report did not fit within the definition of "absconding" according to Kansas caselaw. He maintained that, "absent some evidence a probationer has fled, or hidden himself, or deliberately acted to avoid arrest, prosecution[, or] service [] of process," the district court should not find that Ramirez absconded.

The district court noted that Ramirez had been regularly reporting to his probation officer until January 7, 2015, that Ramirez had stopped reporting after Cody directed him "to resolve the child support warrant," and that Ramirez had failed to report for about 6 months. The district court also noted that Ramirez had not changed his address during that time period but that he had failed to respond to a violation letter and failed to report contact with the law-enforcement officer who came to his home. Additionally, the district court noted Ramirez' previous probation violation and stated: "[I]t's fair for the Court to note that this defendant had a history with being aware of the consequences of failing to report and failure to comply with numerous probation conditions, which he should have been aware of at the time of these violations."

The district court found that the State had proved by a preponderance of the evidence that Ramirez absconded. In addition, the district court found that Ramirez had

4

violated probation by failing to attend the child-support hearing as directed by his probation officer and because he had failed to report to his probation officer in February, March, April, May, and June 2015.

The State requested that the district court impose Ramirez' underlying prison sentence or impose intermediate sanctions. Ramirez' counsel asked the district court to reinstate probation with an appropriate sanction and not to impose the underlying sentence. Ramirez' counsel stated that Ramirez had not missed the child-support hearing as a result of "malicious intent but [out of] fear for what could have happened, and the fear for what could have happened I believe comes from a threatened jail sanction at the time." He also said Ramirez had missed the child-support hearing because Ramirez feared the additional child-support payments would make it harder for him to support his family.

The district court imposed Ramirez' underlying prison sentence. The district court found that Ramirez absconded under K.S.A. 2015 Supp. 22-3716(c)(8) and that Ramirez' welfare would not be served by intermediate sanctions under K.S.A. 2015 Supp. 22-3716(c)(9). In finding that Ramirez' welfare would not be served by imposing the intermediate sanctions, the district court stated:

> "I'm also finding that the override provisions of 22-3716(c)(9) are also applicable, that the welfare of this defendant will not be served by having to serve the new required intermediate sanctions based upon the fact that he has been on probation since January of 2014, that he has, in fact, gone through the Residential Program and, nevertheless, committed these violations as proven up at the evidentiary hearing and, therefore, intermediate sanctions are not necessary or appropriate under these circumstances. As such, I'm going to revoke the probation and impose sentence."

In the journal entry, the district court summed up its reasoning: "Defendant has gone through all programs, [and] intermediate sanctions are not required."

5

Ramirez now appeals to this court.

ANALYSIS

Ramirez first argues on appeal that the district court erred in imposing his underlying prison sentence without first imposing intermediate sanctions because he did not abscond from supervision. Unless an exception applies, K.S.A. 2015 Supp. 22-3716(c) requires that the court impose a short-term punishment before ordering someone who has violated probation in a felony case to serve time on an underlying prison sentence. See *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997 (2015). The first intermediate sanction consists of a 2- or 3-day period in jail. K.S.A. 2015 Supp. 22-3716(c)(1)(B). Following the first sanction, the court may order the probationer to serve 120 or 180 days in prison. K.S.A. 2015 Supp. 22-3716(c)(1)(C)-(D). Those longer sanctions may only be imposed once. K.S.A. 2015 Supp. 22-3716(c)(1)(C)-(D).

One of the exceptions to the intermediate-sanctions rule deals with absconding from supervision. K.S.A. 2015 Supp. 22-3716(c)(8) permits the district court to impose the underlying sentence if it finds, by a preponderance of the evidence, that the probationer absconded. *Huckey*, 51 Kan. App. 2d at 455.

On appeal, this court applies a two-step standard to review whether the district court correctly applied K.S.A. 2015 Supp. 22-3716(c)(8). This court first determines whether substantial evidence supports the district court's finding that Ramirez absconded. *Huckey*, 51 Kan. App. 2d at 457. Substantial evidence is evidence that a reasonable person would accept as being sufficient to support a conclusion. *Gannon v. State*, 298 Kan. 1107, 1175, 319 P.3d 1196 (2014). The State has the burden to show that the probationer absconded by a preponderance of the evidence. *Huckey*, 51 Kan. App. 2d at 457. A "preponderance of the evidence" means evidence that shows that "'a fact is more

6

probably true than not true.'" *Gannon*, 298 Kan. at 1124 (quoting *In re B.D.-Y.*, 286 Kan. 686, 691, 187 P.3d 594 [2008]).

Second, if this court finds that substantial evidence supports the district court's finding, it reviews the district court's ultimate decision (to revoke probation and impose the underlying sentence) for an abuse of discretion. See *State v. Anhorn*, No. 111,903, 2015 WL 3632493, at *2 (Kan. App. 2015) (unpublished opinion) (citing *State v. Raiburn*, 289 Kan. 319, 332-33, 212 P.3d 1029 [2009]); *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 [2008]), *rev. denied* 303 Kan. 1079 (2015). A district court abuses its discretion if its action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Morrison*, 302 Kan. 804, 812, 359 P.3d 60 (2015). Ramirez has the burden to show that the district court abused its discretion by imposing his underlying prison sentence. *Huckey*, 51 Kan. App. 2d at 454.

Ramirez asserts that the district court erred because it found he absconded based on a mere failure to report. The State asserts that it is not required to prove the probationer hid from his or her supervisor and argues that it is sufficient to show the defendant simply avoided contact. The State's argument does not follow the guidance we have given to the meaning of the term absconding. In *Huckey*, we provided this definition: "Abscond is defined as to depart secretly or suddenly, especially to avoid arrest, prosecution, or service of process." 51 Kan. App. 2d 451, Syl. ¶ 5. Merely failing to report is not absconding. 51 Kan. App. 2d at 457. To support a finding of absconding, the State must prove by a preponderance of the evidence that the probationer "had fled or hidden himself or deliberately acted to avoid arrest, prosecution, or service of process." *Huckey*, 51 Kan. App. 2d at 458.

We have found in one unpublished case that a failure to report—combined with several other factors—can support a finding that the defendant has absconded. In *State v. Croslin*, No. 113,695, 2016 WL 758661 (Kan. App. 2016) (unpublished opinion), *petition*

7

*for rev. filed* March 23, 2016, while on probation here in Kansas, the defendant had moved to Oklahoma, provided an incorrect new address in Oklahoma, couldn't be located after some effort (including speaking with his daughter), and admitted "that he failed to report because he wanted to avoid arrest" under an outstanding warrant. 2016 WL 758661, at *4. In *Croslin*, there was more than a failure to report—the defendant had acted to depart secretly by providing the wrong address for his new residence, and he had failed to report specifically to avoid arrest.

Here, while it's true that Ramirez quit reporting, there's no evidence that he did anything to hide or that he changed his address or place of employment during the period in which he failed to report. In fact, he eventually was arrested at his place of work. The district court concluded that "either the mother of the defendant failed to notify him" when an officer visited her home while Ramirez was away "or he chose to not take any action following the police appearing at his home looking for him." Neither of those situations would prove absconding. Ramirez' mother was not subject to any court order, and even if she told Ramirez and he continued not to report, that would not be absconding. All the evidence here showed was that Ramirez was living in town with his mother and working in town, but failing to report. The district court erred by finding that Ramirez had absconded.

The district court also relied on a second exception to the intermediate-sanctions requirement, one that applies "if the court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the inmate will not be served by such [sanction]." K.S.A. 2015 Supp. 22-3716(c)(4). The district court found that Ramirez' welfare would not be served by an intermediate sanction, but Ramirez contends the district court erred because it did not state with particularity its reasons for that finding.

8

The particularity requirement means that the district court must give the particular reasons that the offender's welfare would not be served by intermediate sanctions. These reasons "must be distinct rather than general, with exactitude of detail, especially in description or stated with attention to or concern with details." *State v. McFeeters*, 52 Kan. App. 2d 45, 48, 362 P.3d 603 (2015) (quoting *State v. Huskey*, 17 Kan. App. 2d 237, Syl. ¶ 2, 834 P.2d 1371 [1992]). As applied to K.S.A. 2015 Supp. 22-3716(c)(9), "the findings . . . must link the reasons for taking the action (such as imposing a prison sentence rather than probation) with . . . offender safety [or welfare]." *State v. Harding*, No. 110,677, 2014 WL 3630554, at *4 (Kan. App. 2014) (unpublished opinion), *rev. denied* 302 Kan. 1015 (2015). Implicit findings are insufficient when particularized findings are required by statute, as is the case here. *McFeeters*, 52 Kan. App. 2d at 48-49. In other words, the district court must explicitly state *how* the offender's welfare would not be served by the intermediate sanctions. *Bias*, 2015 WL 8176735, at *3.

Here, the district court found Ramirez' welfare would not be served by the intermediate sanctions because he had not done well on probation in the time he'd been on it:

> "I'm [] finding that the override provisions of 22-3716(c)(9) are [] applicable, that the welfare of this defendant will not be served by having to serve the new required intermediate sanctions based upon the fact that he has been on probation since January of 2014, that he has, in fact, gone through the Residential Program and, nevertheless, committed these violations as proven up at the evidentiary hearing and, therefore, intermediate sanctions are not necessary or appropriate under these circumstances."

The district court emphasized Ramirez' inability to comply with probation following his release from the Residential Program, stating: "[P]robation, obviously, is not something you're going to comply with . . . . You've done Residential. It may have helped you while you were there, but once you got out, apparently, it all went out the window." In addition, the district court specifically noted that Ramirez had a prior probation violation. In the

journal entry, the district court wrote simply: "Defendant has gone through all programs, [and] intermediate sanctions are not required."

Ramirez argues the district court's reasoning would permit district courts to bypass the intermediate sanctions under K.S.A. 2015 Supp. 22-3716(c)(1) any time a probationer has had his or her probation revoked before. We agree that a reason that would apply to anyone in a roughly similar situation is not particular enough to meet the statutory requirement. See *State v. Livingstone*, No. 114,248, 2016 WL 6024525, at *3-4 (Kan. App. 2016) (unpublished opinion). Saying that a person who has already gone through the Residential Community Corrections Program would not benefit from an intermediate sanction gives us no idea why the court has made that conclusion with respect to Ramirez. The legislature has made it a general rule that an intermediate sanction is appropriate, presumably reflecting a conclusion that an intermediate sanction, first of a few days in jail and later of 120 to 180 days in prison, is likely in many cases to get the attention—and future compliance—of a defendant without requiring that the defendant serve the full prison sentence. The findings made by the district court here do not provide particularized reasons why that's not the case with respect to Ramirez.

We therefore vacate the district court's decision imposing Ramirez' prison sentence and remand the case for further proceedings consistent with this opinion.

10