NOT DESIGNATED FOR PUBLICATION

No. 114,790

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTHONY CURTIS WRIGHT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed March 10, 2017. Affirmed.

*Kimberly Strait Vogelsberg*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., STANDRIDGE and GARDNER, JJ.

*Per Curiam*:  Anthony C. Wright appeals from the district court's order revoking his probation and ordering him to serve his underlying sentence for his conviction for possession of marijuana after a prior conviction. Wright contends the district court failed to make adequate findings to bypass the statutory requirement for intermediate sanctions and abused its discretion by not giving him another opportunity at drug treatment. Disagreeing on both counts, we affirm the district court.

1

*Factual and procedural background*

Wright was charged in March 2014 with various charges in Sedgwick County District Court. A jury convicted Wright of possession of marijuana after a prior offense.

At sentencing, the district court found Wright's criminal history score was A based primarily on five person felonies arising from a 1997 case. Wright's offense fell within a presumptive prison box on the sentencing guidelines and made him ineligible for drug treatment under Senate Bill 123. Wright filed a motion for a downward departure, citing the age of his person felony convictions and arguing that prison space should be reserved for serious and violent offenders. Wright admitted that he had been placed on probation in two prior cases, that those probation terms had been revoked, and that he had served prison time for those convictions.

The court granted a dispositional departure and sentenced Wright to 12 months' probation with Community Corrections with an underlying prison sentence of 40 months. The court clarified that this was Wright's last chance at probation, stating it was a "zero tolerance" probation so any proven violation would result in his going to prison. Wright stated he understood the strict terms.

Approximately 8 months after sentencing, the State issued a warrant for Wright's arrest, contending he had violated his probation in the following ways: (1) submitting UA samples which tested positive for marijuana or marijuana and alcohol on October 31, 2014, December 22, 2014, February 19, 2015, and June 15, 2015; (2) failing to obtain employment; (3) failing to pay court costs; and (4) failing to obtain a drug and alcohol evaluation.

At a revocation hearing on September 11, 2015, Wright admitted the violations alleged in the warrant. Wright's probation officer recommended that probation be

extended and that Wright be ordered to enter and successfully complete a residential program. The State asked the court to bypass intermediate sanctions by finding that the welfare of the offender would not be served by continued probation or a lesser sanction.

The court agreed with the State, noting Wright's prior convictions for aggravated assault, aggravated battery, other battery charges, felony criminal possession of a firearm, and the cumulative effect of that history with his on-going use of drugs and his failure to attend a drug treatment program. Ultimately, the district court revoked Wright's probation and ordered him to serve the original 40-month underlying prison sentence imposed. Wright timely appealed.

*Our standard of review*

On appeal, Wright's challenge is two-pronged. First, Wright contends that the district court failed to make adequate findings to bypass intermediate sanctions under K.S.A. 2016 Supp. 22-3717(c). Second, Wright contends that even if adequate findings were made, the court's decision to revoke his probation was an abuse of discretion. To the extent Wright's arguments call for interpretation of state statutes, our standard of review is unlimited. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015). Otherwise, our review of a district court's decision whether to revoke a defendant's probation is for abuse of discretion. *State v. Hurley*, 303 Kan. 575, 580, 363 P.3d 1095 (2016).

*Did the court err in bypassing intermediate sanctions?*

We first address Wright's argument that the trial court should have imposed the intermediate sanctions required by state law. When a district court finds a probation violation, our statute generally requires the court to impose intermediate sanctions before sending the violator to prison. K.S.A. 2016 Supp. 22-3716(c). Wright contends that the trial court should have done so here. However, subsection (c)(9), one of the exceptions to

3

that rule, permits the court to revoke a defendant's probation without imposing intermediate sanctions "if the court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." K.S.A. 2016 Supp. 22-3716(c)(9).

The journal entry cites both of those exceptions:

> "Court finds that public safety is jeopardized because of defendant's violent history and continued use of illegal drugs. Welfare of offender is not served because defendant has had no negative UA's while on probation and has not attended treatment. All UA's were positive while in treatment."

The district court's verbal findings at the conclusion of the revocation hearing were more specific:

- "I look back through your history, and some of these things are old, but you have aggravated assaults, aggravated batteries, multiple batteries, felony criminal possession of a firearm. And all of these things are cumulative and when a person is on drugs and then still has these tendencies in their background, my responsibility to society says I have got to do what's appropriate."
- Despite that Wright was a criminal history A and was presumptive probation, the court told him and he had understood that his probation was zero tolerance, but now he had not one, but six or seven violations, "[s]o it's kind of a chronic history of putting your desires ahead of your responsibilities and ahead of [the court's] responsibilities."
- Wright said he wanted drug treatment, but he had not been in attendance at his treatment program at Higher Ground. He accrued a total of 1 excused absence

4

and 11 no call, no show absences at Higher Ground and was on his way to being unsuccessfully discharged from that program.

- Despite the fact Wright knew his probation was zero tolerance and that he was facing 40 months in prison, he consistently resorted to smoking marijuana.

- The court and others took a chance on Wright and "everybody here" did their part, but Wright was not able to do his part.

"When something is to be set forth with particularity, it must be distinct rather than general, with exactitude of detail, especially in description or stated with attention to a concern with details." *State v Huskey*, 17 Kan. App. 2d 237, Syl. ¶ 2, 834 P.2d 1371 (1992).

The court's findings regarding public safety do not meet this standard. The journal entry finds "that public safety is jeopardized because of defendant's violent history and continued use of illegal drugs." The court did not discuss this factor at the hearing. We have found similar findings insufficient, which too heavily rely on one's criminal history and insufficiently identify any connection between the findings and the decision to revoke one's probation. Compare *State v. Wesley*, No. 111,179, 2015 WL 3868716, at *4-5 (Kan. App. 2015) (unpublished opinion) (finding insufficient particularity), with *State v. Meyer*, No. 111,406, 2014 WL 6676198, at *1-2 (Kan. App. 2014) (unpublished opinion) (finding with particularity reasons why the safety of the members of the public would be jeopardized), *rev. denied* 302 Kan. 1017 (2015).

The district court's findings met the particularity standard, however, in explaining why Wright's own welfare would not be served by intermediate sanctions. Although Wright repeatedly requested another chance at probation and drug treatment, the court found that Wright had a long history of drug-related charges, had failed on probation twice before, and had been given the opportunity to participate in drug treatment during his zero-tolerance probation, yet failed to attend treatment and repeatedly tested positive

5

for marijuana over a period of 8 months. We find the court's findings that the welfare of the offender would not be served by an intermediate sanction are sufficiently particular to meet the statutory requirement.

*Did the district court abuse its discretion by revoking probation?*

Wright's argument that the district court abused its discretion by not reinstating his probation and giving him yet another chance to attend drug treatment fails for the same reasons. Probation is an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege, not as a matter of right. *State v. Ottinger*, 46 Kan. App. 2d 647, 654, 264 P.3d 1027 (2011). When the State has proven a violation of the conditions of probation, as here, probation revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A district court abuses its discretion when judicial action is arbitrary, fanciful, or unreasonable. If reasonable persons could differ as to the propriety of the action taken by the district court, then it cannot be said that the district court abused its discretion. *State v. Gant*, 288 Kan. 76, 81-82, 201 P.3d 673 (2009).

During the hearing, Wright expressed disdain for the idea that "merely smoking" marijuana should be a basis for revoking his probation or for anyone going to jail. He was on probation for unlawful possession of marijuana and acknowledged at his original sentencing that it would be a "zero tolerance" probation, yet he failed to meaningfully participate in drug treatment. Although Wright presented mitigating factors to the court in support of his motion to reinstate, the district court articulated reasons why it did not think Wright was a successful candidate to complete probation. In considering all of these circumstances, the district court did not abuse its discretion by revoking Wright's probation and ordering him to serve his original sentence.

Affirmed.