NOT DESIGNATED FOR PUBLICATION

No. 114,929

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

JAMES L. JUNIOR,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BENJAMIN L. BURGESS, judge. Opinion filed March 10, 2017. Affirmed in part, vacated in part, and remanded with directions.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., ATCHESON, J., and STUTZMAN, S.J.

STUTZMAN, J.: James Junior appeals the revocation of his probation and remand to custody for service of his sentence. Junior argues the district court failed to comply with the applicable statutory requirements for probation revocation. We affirm the district court's finding that Junior violated his probation, but we agree with Junior that the court failed to comply with the statutory requirements, so we vacate the revocation and remand for the district court to enter a disposition on the violations under the terms of the statute.

1

On May 27, 2014, as part of a plea agreement, Junior pled guilty to two counts of criminal threat and one count of criminal possession of a firearm. The plea agreement also included sentencing recommendations and proposed probation conditions. Among them was the following:

"If probation is granted, to be served with Community Corrections Field Services. Further, defendant agrees to one shot on probation, if he is found in violation he will seek neither reinstatement nor modification of underlying sentence. Defendant agrees that if Court finds him in violation of probation, that violation deems the defendant a risk to public safety."

On July 8, 2014, the district court sentenced Junior to 33 months in prison, but granted probation for a term of 18 months, subject to conditions imposed by the court and set forth in the sentencing journal entry. Just over a year later, on August 12, 2015, Junior appeared in court for a probation violation hearing. The State alleged Junior had violated the terms of his probation by testing positive for cocaine, failing to make regular payments on court costs and fees, and failing to enter and successfully complete the Batterer's Intervention Program.

Junior admitted to all three alleged violations of his probation. The State told the court that in January 2015, Junior had tested positive for cocaine and was put into additional treatment without further sanction and, in April 2015, he again tested positive for cocaine and a 3-day intermediate sanction was imposed by his supervising officer. The State commented that the amendments that established a graduated sanctions protocol for probation violations likely eliminated "one-shot" probation, but pointed out nonetheless that Junior had agreed to one chance at probation and also had agreed that if he violated his probation he would be a risk to public safety. Defense counsel argued for

a 120-day sanction to be served with the Kansas Department of Corrections in lieu of imposition of the underlying sentence.

The court concluded:

> "Well, given the circumstances and the agreement that was made in the [p]lea [a]greement, it's fairly clear what was agreed to. Given the nature of the charges, the nature of the probation violation and the nature of the other matters, I do of course find that Mr. Junior is in violation of his probation. I will revoke his probation and impose the underlying sentence."

Junior timely appeals the revocation.

ANALYSIS

"To sustain an order revoking probation on the ground that a probationer has committed a violation of the conditions of probation, commission of the violation must be established by a preponderance of the evidence." *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). Once there is evidence of a probation violation, the decision to revoke probation rests within the sound discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) the action is based on an error of law; or (3) the action is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). The party asserting the trial court abused its discretion bears the burden of showing such abuse of discretion. *State v. Robinson*, 303 Kan. 11, 90, 363 P.3d 875 (2015), *cert. denied* 137 S. Ct. 164 (2016).

On appeal, Junior disputes whether his life circumstances and financial situation while on probation supported a finding that he violated the term of his probation

3

requiring regular payments of the costs of his case "on a schedule set by the probation department." He contends the State did not produce evidence either of the schedule or the failure to pay. As the State points out, however, at the probation violation hearing Junior admitted to that failure to comply along with the other two alleged violations. At the outset of that hearing, Junior's counsel announced his client intended to admit to all three alleged violations and waive his right to a hearing. In response to a question from the judge, Junior confirmed that intent. The district judge then advised Junior of the rights he would be losing by waiving a hearing, and Junior said he had no questions. Junior's admissions to the alleged violations obviated the need for presentation of evidence by the State.

The greater focus of Junior's argument is that the district court failed to comply with the requirements of K.S.A. 2015 Supp. 22-3716 before ordering revocation. After July 1, 2013, K.S.A. 22-3716 limited the discretion that previously had been available to district judges upon proof that probation conditions had been violated. K.S.A. 2015 Supp. 22-3716(c)(12). Under the amended statute, a progression of sanctions is required before revoking probation for service of an underlying sentence.

In general, the district court must first impose a 2- or 3-day period of confinement in the county jail as a sanction. K.S.A. 2015 Supp. 22-3716(c)(1)(B). After at least one of those sanctions has been ordered, the court may impose a 120-day or 180-day remand to the custody of the secretary of corrections. K.S.A. 2015 Supp. 22-3716(c)(1)(C) and (D). Only after the imposition of a 120-day or 180-day intermediate sanction may a court revoke probation and order service of the underlying sentence. K.S.A. 2015 Supp. 22-3716(c)(1)(E).

The system of graduated sanctions does allow limited exceptions. Revocation may be ordered if an offender commits a new felony or misdemeanor while on probation or

4

absconds from supervision. K.S.A. 2015 Supp. 22-3716(c)(8)(A)-(B). Here, we are concerned with the other provision allowing bypass of the escalating sanctions:

> "The court may revoke the probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction of an offender pursuant to subsection (c)(1)(E) without having previously imposed a sanction pursuant to subsection (c)(1)(B), (c)(1)(C) or (c)(1)(D) if the court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." K.S.A. 2015 Supp. 22-3716(c)(9).

Junior argues the district court failed to comply with the requirement for particularity that the section requires. We agree. This court has previously addressed the requirements for this bypass provision:

> "In an earlier case, this court has clarified that '[w]hen something is to be set forth with particularity, it must be distinct rather than general, with exactitude of detail, especially in description or stated with attention to or concern with details.' *State v. Huskey,* 17 Kan. App. 2d 237, Syl. ¶ 2, 834 P.2d 1371 (1992). Further, implicit findings are insufficient when particularized findings are required by statute. *State v. Miller,* 32 Kan. App. 2d 1099, 1102-03, 95 P.3d 127 (2004).
> "In discussing the particularity required for K.S.A. 2014 Supp. 22-3716(c)(9), we recently clarified that the district court seeking to invoke the exceptions must explicitly address how the public's safety would be jeopardized or how the offender's welfare would not be served by imposition of the intermediate sanctions. *State v. Lane,* No. 111,110, 2015 WL 802739, at *4 (Kan. App. 2015) (unpublished opinion)." *State v. McFeeters*, 52 Kan. App. 2d 45, 48-49, 362 P.3d 603 (2015).

As the prosecutor appearing at the probation violation hearing acknowledged, the requirements of K.S.A. 2015 Supp. 22-3716 preclude any viability of a "one stop" probation provision. Likewise, a prefabricated "risk to public safety" clause is of no

5

effect. The district court's brief comments before revoking Junior's probation were insufficient to meet the requirements of this statute.

We affirm the district court's finding that Junior violated the terms of his probation. We vacate that court's disposition order revoking Junior's probation and remand this case to the district court for a new disposition hearing at which the court may impose an intermediate sanction or state with the required particularity the reasons for proceeding to revocation without an intermediate sanction.

Affirmed in part, vacated in part, and remanded with directions.