NOT DESIGNATED FOR PUBLICATION

No. 117,116

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHAWN E. COLLINS, JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TERRY L. PULLMAN, judge. Opinion filed February 2, 2018. Affirmed.

*Corrine E. Gunning*, Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., STANDRIDGE, J., and STUTZMAN, S.J.

PER CURIAM: Shawn E. Collins, Jr., appeals the district court's decision to bypass additional intermediate sanctions and directly impose a modified prison sentence after finding Collins violated the terms and conditions of his probation. In bypassing intermediate sanctions, the district court relied on K.S.A. 2016 Supp. 22-3716(c)(9)(A) and found that public safety would be jeopardized and that Collins' welfare would not be served by imposing an intermediate sanction. On appeal, Collins argues the district court (1) failed to make particularized findings that utilizing intermediate sanctions would jeopardize public safety and would not serve Collins' welfare in this case and (2) abused

1

its discretion by revoking his probation and imposing the modified prison sentence. Finding no error, we affirm the district court.

FACTS

On June 25, 2015, Collins pled guilty to a single count of possession of methamphetamine. In exchange, the State agreed to join Collins' sentencing recommendation for a dispositional departure to probation. The district court sentenced Collins to a prison term of 42 months but granted the parties' joint request for a dispositional departure sentence and imposed a 12-month term of probation, to begin upon Collins' release from prison in two unrelated cases. The court cited the following as substantial and compelling reasons to justify the departure: the age of Collins' juvenile person felony conviction, Collins' acceptance of responsibility, and the availability of drug treatment and Collins' willingness to participate in treatment.

On April 26, 2016, Collins' intensive supervision officer (ISO) filed a warrant alleging that Collins had violated several conditions of his probation by (1) failing to report to his ISO on two occasions, (2) failing to obtain a drug and alcohol evaluation, (3) failing to complete community service work, and (4) failing to make payments toward court costs and restitution.

At the probation violation hearing on June 1, 2016, Collins admitted to the alleged violations. Based on this admission, the court made a finding that Collins had violated the terms of his probation. The State asked the court to revoke Collins' probation, bypass the required intermediate sanctions by making public safety and offender welfare findings under K.S.A. 22-3716(c)(9)(A), and order Collins to serve his prison sentence. Collins opposed revocation, requesting that he instead be allowed to enter inpatient treatment because the probation violations all stemmed from his drug use.

2

Noting that Collins' violations did not "quite rise to the level of constituting a public threat or a threat to public safety," the district court gave Collins the option to either serve a reduced prison sentence of 36 months or continue on probation. The court advised Collins that if he chose to continue to be on probation, Collins would "be on zero tolerance basically for any probation violation involving nonreporting, nonattendance at drug and alcohol treatment, and not doing community service work as ordered" and that any such violation would result in Collins serving the 42-month prison sentence imposed. Collins chose the probation option, indicating that he wanted the opportunity to receive treatment for his drug addiction. As a result, the court continued Collins' probation and extended it for 12 months. The court also ordered Collins to serve two three-day "quick dips" in the county jail as intermediate sanctions. Before the hearing concluded, the court again reminded Collins that "if you don't report . . . any time you're supposed to report, if you don't attend drug and alcohol treatment, or if you're not doing community service work, and those are proven to me, it's going to be basically the basis to send you to prison under a public safety aspect." Collins responded that he understood the court's warning.

Approximately six weeks later, Collins' ISO filed a second warrant on July 15, 2016, alleging that Collins had continued to violate the terms and conditions of his probation by (1) failing to report to his ISO as directed on two occasions, (2) failing to obtain a drug and alcohol evaluation, (3) failing to obtain full-time employment, (4) failing to complete community service work, and (5) failing to make payments towards court costs and restitution. At the probation violation hearing, Collins once again admitted to the violations. The district court revoked Collins' probation and ordered him to serve a modified prison sentence of 40 months, with a postrelease supervision term of 12 months. In bypassing additional intermediate sanctions, the court relied on K.S.A. 2016 Supp. 22-3716(c)(9)(A), finding that public safety would be jeopardized and that Collins' welfare would not be served by imposing another intermediate sanction.

ANALYSIS

Collins raises two arguments on appeal. First, he argues the district court failed to make the particularized findings necessary to support its determination that utilizing intermediate sanctions again would jeopardize public safety and would not serve Collins' welfare in this case. Second, he argues the district court abused its discretion by revoking his probation and imposing the modified 40-month prison sentence. We address each of Collins' arguments in turn.

*Particularized findings*

Collins argues the district court failed to make the particularized factual findings necessary to bypass intermediate sanctions under K.S.A. 2016 Supp. 22-3716(c)(9)(A). The procedure for revoking an offender's probation or assignment to community corrections is governed by K.S.A. 2016 Supp. 22-3716, which includes a series of graduated intermediate sanctions that the district court generally must impose if an offender has violated a technical condition of his or her probation. These sanctions range from continuation or modification of the terms of the offender's probation to brief periods of confinement in jail or longer periods of confinement in prison. The sanctions gradually increase depending upon the number of sanctions already imposed. See K.S.A. 2016 Supp. 22-3716(c)(1)(A)-(D). Here, Collins already had received quick dip jail sanctions under K.S.A. 2016 Supp. 22-3716(c)(1)(B). Thus, before imposing Collins' underlying prison sentence, the district court generally was required to impose either a 120-day or 180-day prison sanction found in K.S.A. 2016 Supp. 22-3716(c)(1)(C) or (D). Relevant here, however, K.S.A. 2016 Supp. 22-3716(c)(9)(A) authorizes a district court to bypass the intermediate sanctions and impose the offender's underlying prison sentence if "[t]he court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction."

Whether the district court's reasons are sufficiently particularized as required by statute is a question of law over which an appellate court has unlimited review. See *State v. McFeeters*, 52 Kan. App. 2d 45, 47-48, 362 P.3d 603 (2015). There are no "magic words" to satisfy the particularity requirement of K.S.A. 2016 Supp. 22-3716(c)(9)(A). *State v. Davis*, No. 111,748, 2015 WL 2137195, at *3 (Kan. App. 2015) (unpublished opinion). "When something is to be set forth with particularity, it must be distinct rather than general, with exactitude of detail, especially in description or stated with attention to or concern with details." *State v. Huskey*, 17 Kan. App. 2d 237, Syl. ¶ 2, 834 P.2d 1371 (1992). Moreover, an implicit determination that requires an appellate court to speculate about the district court's reasoning is not enough to satisfy the statute's particularity requirement. *McFeeters*, 52 Kan. App. 2d at 48-49; *State v. Wesley*, No. 111,179, 2015 WL 3868716, at *4 (Kan. App. 2015) (unpublished opinion).

At the probation violation hearing held in this case on September 27, 2016, Collins admitted to violating each of the conditions of probation as alleged. Based on this admission, the court made a finding that Collins had violated the terms of his probation. The State requested that the court revoke Collins' probation and order him to serve his prison sentence on grounds that the continued violations established Collins was not amenable to probation. Through counsel, Dwayna McFerren, Collins opposed revocation:

> "MS. McFERREN: Your Honor, we are ultimately asking for you to order a soak for Mr. Collins in this case. When we were last here, he did get two quick dips in June. So we're asking for the next . . . sanction on the—on the sanctions track basically and order him a soak.
> "I've spoken with him about this case, and he's informed me that he had some personal things that came up. That were two deaths in the family that hit him pretty hard. And he admits he handled it badly, but, you know, he knows he should have reported to probation and did what he was supposed to do.
> "But we're asking for him to receive a soak today and to continue on probation.
> "THE COURT: All right.

5

. . . .

"MS. McFERREN: Also, Your Honor, I provided the Court and the State with a copy of a SACK [Substance Abuse Center of Kansas] evaluation he completed. SACK evaluation recommends that he do inpatient treatment and provides a few—

. . . .

"THE COURT: All right. Anything further, Ms. McFerren?

"MS. McFERREN: Not at this time, Your Honor.

"THE COURT: Thank you. Mr. Collins, anything you would like to say to me on your own behalf, sir?

"THE DEFENDANT: Basically it's my drug habit. That's what it is. I wasn't— truthfully I probably wouldn't have went back to using drugs. I should have handled it better when my aunt died, but I didn't. And that's when I went back to using drugs. And that's why I didn't report.

"And the other [probation violations] not—for failure for the alcohol evaluation, full time employment, and all that, that's why I didn't do all them. Pretty much that's it. That's my problem.

"THE COURT: All right. Thank you, sir.

"THE DEFENDANT: I'm on parole right now too. I got a—they did do me a 90—I did do—did sign my papers for a 90 on the 30th.

"THE COURT: Your SACK evaluation confirms what you say. First started using meth when you were ten. Regular use at twelve. Snorting a gram daily. Ended up shooting meth intravenously.

"THE DEFENDANT: Yeah.

"THE COURT: Client states he's been using over a gram of methamphetamine daily for over ten years.

"Your first [probation violation]—well, your underlying conviction was possession of methamphetamine. I can't believe in all the prior cases you've had that you weren't ordered to have a drug and alcohol evaluation. You were ordered to have a drug and alcohol evaluation in this case.

"THE DEFENDANT: And, Your Honor.

"THE COURT: You didn't attend drug and alcohol evaluation. You didn't report. Currently failing to obtain a drug and alcohol evaluation again. Failing to report.

"Meth addiction is nasty.

"THE DEFENDANT: Yes, it's terrible.

6

"THE COURT: A ten-year meth addict isn't going to be cured with a 30 day inpatient treatment process. It's going to be a process over a number of years before the damage you've done to your brain heals sufficiently to where you can constructively accept treatment.

"I'm going to find that your inability or unwillingness to abide by terms and conditions of probation are a public safety concern. You're obtaining meth from somewhere. Obviously that's illegal. Obviously that fuels an illegal subculture. Drug deals obviously invoke safety concerns.

"I'm also going to find that a reinstatement of probation at this time would not be in your best interest because, quite honestly, you will again offend and pick up new charges, get another sentence, in my opinion. And that wouldn't be in your best interest. You're not ready to receive treatment yet. And you won't be, in my opinion, for quite a while.

"On that basis, I will find that both based on public safety considerations and not being in your best interest, I'm going to bypass the graduated sanctions under [K.S.A. 2016 Supp. 22-3716(c)(9)(A)]."

Collins argues the district court's findings as set forth above lacked the particularity required under K.S.A. 2016 Supp. 22-3716(c)(9)(A) because they failed to explain how imposition of an intermediate sanction would jeopardize the safety of the public and instead simply reflected the court's generalized belief that the public is better off with drug users in prison.

But we find it unnecessary to determine whether the court adequately explained how imposing an intermediate sanction would jeopardize the safety of the public. This is because we conclude the district court's findings from the bench sufficiently set forth with particularity its reason for finding that Collins' welfare would not be served by once again imposing an intermediate sanction. Before making its decision about revocation, the court reviewed a written evaluation of Collins that was conducted by the Substance Abuse Center of Kansas (SACK), "a non-profit organization specializing in the prevention, treatment, and case management of individuals affected by substance abuse."

7

Substance Abuse Center of Kansas, http://sackansas.hubris.net (last visited Jan. 18, 2018). In reviewing the SACK evaluation, the district court noted that Collins told the evaluator he first started using methamphetamine when he was just 10 years old, that he became a regular user by the age of 12, and that he had been using a gram of methamphetamine daily for the last 10 years. Based on these undisputed facts, the court found that treatment for Collins' long-term addiction would take a significant amount of time and that his addiction could not be resolved by a 30-day inpatient treatment program. The court further found that Collins did not appear ready to receive the treatment necessary to overcome his addiction and was therefore likely to reoffend. This finding is supported in the record by Collins' admission in both the first and second probation violation hearings that he repeatedly failed to obtain the drug and alcohol evaluation required by the terms and conditions of his probation. We conclude the court's reasoning states with sufficient particularity that an intermediate sanction would not serve Collins' welfare due to his long-term history of drug use and failure to address his drug issues as required by the terms of his probation.

*Abuse of discretion*

Even if the district court's reasoning for bypassing intermediate sanctions was sufficiently particular under K.S.A. 2016 Supp. 22-3716(c)(9)(A), Collins argues that the district court nonetheless abused its discretion in revoking his probation and ordering him to serve the modified 40-month prison sentence rather than a lesser sanction or sentence.

A sentencing judge grants probation as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). If a probation violation has been proved in an evidentiary hearing or by stipulation, we review the district court's disposition of that violation for abuse of judicial discretion. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action is (1) arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the

view adopted by the district court; (2) based on an error of law; or (3) based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011). Collins bears the burden to show an abuse of discretion. See *State v. Burnett*, 300 Kan. 419, 449, 329 P.3d 1169 (2014).

Collins argues that the district court relied on erroneous factual determinations in imposing the 40-month prison sentence and that, as a result, no reasonable judge could agree with the court's decision to impose this sentence. Specifically, Collins takes issue with the district court's statement that Collins was not ready to accept treatment and the suggestion that he could not demonstrate that he would be "cured" by a 30-day inpatient treatment program. Collins claims that this reasoning for imposing the prison sentence is insufficient in light of his obvious need for drug treatment.

The district court's reasoning here was not based on an error of fact. The court's statement that Collins would not be "cured" by a 30-day inpatient treatment program simply reflected the court's belief that based on Collins' long-term history of drug use, he required more than 30 days of treatment. This statement is supported by the record. Collins' crime of conviction was for possession of methamphetamine, a presumptive prison crime for which he was granted probation. A review of the record reveals that Collins had difficulty complying with the terms of his probation and blamed his probation violations on his continued drug use and addiction. After Collins' first violation, which included a failure to submit to a drug and alcohol evaluation, the district court gave him the option to continue on probation, which Collins presumably accepted in order to obtain treatment for his drug addiction. The district court warned Collins at that time that he would have to serve a prison sentence if he committed any future violations. Approximately six weeks later, Collins again violated the terms of his probation, including but not limited to failing to submit to a drug and alcohol evaluation. But Collins again blamed his drug use for the violations. A reasonable person could conclude that Collins' welfare would not be served by another intermediate sanction

9

based on his continued drug use after previous sanctions. Collins' history of drug use, lack of recovery efforts, and repeated inability to comply with the district court's directives demonstrate that he was not amenable to probation. The district court was well within its discretion to revoke Collins' probation and impose a modified prison sentence.

Affirmed.