NOT DESIGNATED FOR PUBLICATION

Nos. 117,030
117,031

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ALONZO D. OWENS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion on remand filed February 1, 2019. Remanded with directions.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., GARDNER, J., and TIMOTHY L. DUPREE, District Judge, assigned.

PER CURIAM: This probation revocation case comes before us on remand from the Kansas Supreme Court, which summarily vacated our decision and remanded it to us for reconsideration in light of in *State v. Clapp*, 308 Kan. 976, 425 P.3d 605 (2018). *Clapp* reaffirmed that implicit determinations are not enough when particularized findings are required by statute:

"Instead, '"[w]hen something is to be set forth with particularity, it must be distinct rather than general, with exactitude of detail, especially in description or stated with attention to

1

or concern with details."' *Miller*, 32 Kan. App. 2d at 1102 (quoting *State v. Huskey*, 17 Kan. App. 2d 237, Syl. ¶ 2, 834 P.2d 1371 [1992])." *Clapp*, 308 Kan. at 989-90.

We applied that rule of law in this case, finding "[t]he statute requires that the court set forth with particularity the reasons for finding that the *safety* of members of the public will be jeopardized *or* that the *welfare* of the offender will not be served by such sanction." *State v. Owens*, No. 117,030, 2018 WL 560951, at *3 (Kan. App. 2018) (unpublished opinion).

We held this standard was met by the district court's express oral statements during Owens' probation revocation. But the Supreme Court disagrees. We therefore remand this case to the district court for reconsideration. If the district court finds that Owens' probation should be revoked, it shall set forth, with greater particularity than previously, its reasons for finding that public safety will be jeopardized or the defendant's welfare will not be furthered with an intermediate sanction.

Remanded with directions.