Per Curiam:
This probation revocation case comes before us on remand from the Kansas Supreme Court, which summarily vacated our decision and remanded it to us for reconsideration in light of in State v. Clapp , 308 Kan. 976, 425 P.3d 605 (2018). Clapp reaffirmed that implicit determinations are not enough when particularized findings are required by statute:
"Instead, ' "[w]hen something is to be set forth with particularity, it must be distinct rather than general, with exactitude of detail, especially in description or stated with attention to or concern with details." ' Miller , 32 Kan. App. 2d at 1102 (quoting State v. Huskey , 17 Kan. App. 2d 237, Syl. ¶ 2, 834 P.2d 1371 [1992] )." Clapp , 308 Kan. at 989-90.
We applied that rule of law in this case, finding "[t]he statute requires that the court set forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." State v. Owens , No. 117,030, 2018 WL 560951, at *3 (Kan. App. 2018) (unpublished opinion).
We held this standard was met by the district court's express oral statements during Owens' probation revocation. But the Supreme Court disagrees. We therefore remand this case to the district court for reconsideration. If the district court finds that Owens' probation should be revoked, it shall set forth, with greater particularity than previously, its reasons for finding that public safety will be jeopardized or the defendant's welfare will not be furthered with an intermediate sanction.
Remanded with directions.