NOT DESIGNATED FOR PUBLICATION

No. 122,749

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

AMANDA MICHELLE OSTROSKY,
*Appellant.*

MEMORANDUM OPINION

Appeal from Montgomery District Court; JEFFREY D. GOSSARD, judge. Opinion filed March 26, 2021. Vacated and remanded with directions.

*Jennifer Bates*, of Kansas Appellate Defender Office, for appellant.

*Michael R. Serra*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., GREEN and HILL, JJ.

POWELL, J.: Pursuant to a plea agreement, Amanda Michelle Ostrosky pled no contest to two drug possession charges and was granted a dispositional departure by the district court to probation for 36 months. After Ostrosky stipulated to violating the terms and conditions of her probation, the district court revoked her probation and imposed her underlying prison sentence of 147 months. On appeal, Ostrosky argues the district court's findings were insufficient to allow it to bypass the intermediate sanctions requirement and instead impose her underlying sentence. Because we agree with Ostrosky that the district court's findings were not sufficiently particularized to satisfy the offender welfare exception, we reverse the probation revocation and order imposing Ostrosky's prison

1

sentence and remand with directions that the district court conduct a new disposition hearing.

## FACTUAL AND PROCEDURAL BACKGROUND

The saga of this case dates back to early 2013 and is replete with continuances and Ostrosky's absence at hearings due to pregnancy, cancer treatments, arrests, and other failures to appear. Because a detailed recounting of the chronology is unnecessary and unrelated to the issues on appeal, we recite only the pertinent facts.

The State charged Ostrosky on April 17, 2013, with possession of opiates with intent to distribute and possession of a depressant with intent to distribute. Subsequently, and pursuant to a plea agreement, she pled no contest to both charges.

Following several nonappearances, Ostrosky was arrested and held for sentencing. At sentencing on February 2, 2016, the State objected to Ostrosky's departure motion requesting probation, citing Ostrosky's prior failures to appear and the long delay between charging and sentencing. The district court imposed a sentence of 98 months' imprisonment for possession of opiates with intent to distribute and 49 months' imprisonment for possession of a depressant with intent to distribute, with each sentence to run consecutive to the other. Despite the State's objection, the district court granted Ostrosky a dispositional departure to probation for 36 months.

On June 12, 2017, Ostrosky's intensive supervision officer (ISO) filed a probation violation report, alleging Ostrosky failed to report as directed, failed to pay court costs and fees, and failed to remit extradition costs. On August 7, 2017, her ISO filed another report, alleging the same violations. A warrant was issued for Ostrosky's arrest on November 9, 2017.

At a hearing on January 25, 2018, Ostrosky preliminarily denied the allegations, but the district court continued the case to allow for negotiations between the parties. Several months later, Ostrosky appeared in court and stipulated to the alleged violations. The district court found Ostrosky in violation of the conditions of her probation.

The district court held a disposition hearing on February 20, 2020, at which Ostrosky asked the district court to impose a 60-day intermediate sanction and reinstate her on probation. Ostrosky admitted she had a drug problem and wanted a chance to attend rehab, claiming she had never had the opportunity for treatment. The State asked for imposition of sentence. The district court rendered its decision, stating:

> "Disposition is going to be as follows: I'm going [to] revoke your probation, order you serve the balance of the underlying sentence. You were given a departure against the state's objection back when you were originally sentenced in this case and given probation. You haven't taken that opportunity to advance on probation and do well. You said you haven't had a chance for treatment, but you were on probation that entire time and nobody was stopping you from trying to access, one, treatment through your probation officer, or on your own to access treatment and you failed to do so.
>
> "I just—you are not amenable to probation. And I normally—it's a practice that I usually uphold that I don't reduce or change your underlying sentence based on bad behavior and not following through on probation that you were granted on a departure in the first place. So I'm not going to modify your sentence. I don't think it's appropriate to reward bad behavior."

The district court revoked probation and ordered Ostrosky to serve her underlying prison sentence. In the probation violation journal entry, the district court checked the appropriate box noting Ostrosky's probation had been revoked and the underlying sentence imposed because she had absconded or committed a new crime.

Ostrosky timely appeals the imposition of her underlying prison sentence.

DID THE DISTRICT COURT ABUSE ITS DISCRETION WHEN IT
IMPOSED OSTROSKY'S UNDERLYING PRISON SENTENCE?

Ostrosky argues the district court erred in imposing her underlying prison sentence because it did not invoke a valid statutory exception to bypass the required intermediate sanctions. Ostrosky claims the district court relied on her nonamenability to probation, an impermissible reason following the 2013 amendments to K.S.A. 22-3716. The State responds that the district court's findings satisfied the offender welfare exception to intermediate sanctions and that Ostrosky's nonamenability to probation is a sufficient basis when considered with other factors for finding an offender's welfare will not be served by continued probation.

*Standard of Review*

We review the propriety of a sanction imposed by a district court for abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). Judicial discretion is abused if the decision is (1) arbitrary, fanciful, or unreasonable; (2) based on a legal error; or (3) based on a factual error. *State v. Gonzalez-Sandoval*, 309 Kan. 113, 126-27, 431 P.3d 850 (2018). To the extent Ostrosky's appeal involves interpreting K.S.A. 22-3716 and its various historical versions, the interpretation of statutes is a legal question subject to de novo review. *Coleman*, 311 Kan. at 334-35.

*Analysis*

Effective July 2013, the Legislature substantially amended K.S.A. 22-3716 to eliminate much of a district court's discretion to impose a prison sanction on a probation violator when the original crime of conviction was a felony. *State v. Clapp*, 308 Kan. 976, 982, 425 P.3d 605 (2018); see K.S.A. 2013 Supp. 22-3716(c). A district court now possesses limited authority to revoke probation and impose an offender's underlying

4

sentence. A district court must first exhaust the statutorily prescribed intermediate sanctions, unless it finds an enumerated exception exists to bypass the intermediate sanctions rubrick. *State v. Dooley*, 308 Kan. 641, 648-49, 423 P.3d 469 (2018).

Since 2013, the Legislature has amended K.S.A. 22-3716 several times, raising the question of which version of K.S.A. 22-3716 applies to Ostrosky's probation revocation. Ostrosky's crimes of conviction occurred before the 2013 amendments took effect on July 1, 2013, while her probation violations occurred in 2017. In 2014, the Legislature amended K.S.A. 22-3716, indicating sanctions would apply to any probation violations occurring on or after July 1, 2013. See K.S.A. 2014 Supp. 22-3716(c)(12); *Coleman*, 311 Kan. at 336; *Clapp*, 308 Kan. at 982. Because Ostrosky's probation violations occurred in 2017—after the 2014 amendments—the 2014 version of K.S.A. 22-3716 applies.

K.S.A. 2014 Supp. 22-3716(c)(1) lists several intermediate sanctions the district court must impose before it may revoke an offender's probation and impose the underlying prison sentence. There are three exceptions to the intermediate sanctions requirement: (1) the offender committed a new crime; (2) the offender absconded; or (3) an intermediate sanction would jeopardize the safety of the public or not serve the welfare of the offender. If the district court finds any one such exception exists, it may revoke the offender's probation. K.S.A. 2014 Supp. 22-3716(c)(8)-(9).

Although the journal entry for the probation violation hearing notes "absconded or committed a new crime" as the reason for revoking probation and imposing the underlying prison sentence, the State concedes the district court did not rely on either exception when ruling from the bench. The State also makes no argument regarding the public's safety. Instead, it relies on the offender welfare exception, arguing the district court's explanation from the bench amounted to a finding that Ostrosky's welfare would not be served by probation.

A district court may bypass intermediate sanctions and impose the offender's underlying sentence "if the court finds and sets forth with particularity the reasons for finding . . . the welfare of the offender will not be served by such sanction." K.S.A. 2014 Supp. 22-3716(c)(9). "'When something is to be set forth with particularity, it must be distinct rather than general, with exactitude of detail, especially in description or stated with attention to or concern with details.' *State v. Huskey*, 17 Kan. App. 2d 237, Syl. ¶ 2, 834 P.2d 1371 (1992)." *State v. Duran*, 56 Kan. App. 2d 1268, 1272-73, 445 P.3d 761 (2019), *rev. denied* 312 Kan. ___ (August 31, 2020). A generalized finding that the defendant is not amenable to probation is insufficient to bypass the mandatory intermediate sanctions, nor is a finding from which an appellate court must infer the particularized reason why the offender's welfare would not be served. 56 Kan. App. 2d at 1275. A district court cannot implicitly state its reasons for finding an offender's welfare would not be served. See *Dooley*, 308 Kan. at 652.

At the disposition hearing, the district court explained its decision:

"Disposition is going to be as follows:  I'm going [to] revoke your probation, order you serve the balance of the underlying sentence. You were given a departure against the state's objection back when you were originally sentenced in this case and given probation. You haven't taken that opportunity to advance on probation and do well. You said you haven't had a chance for treatment, but you were on probation that entire time and nobody was stopping you from trying to access, one, treatment through your probation officer, or on your own to access treatment and you failed to do so.

"I just—you are not amenable to probation."

In the probation violation journal entry, the offender welfare finding box was unmarked. In its description of violations, the district court listed Ostrosky's failure to report to the ISO, failure to pay court costs and fees, and failure to comply with other conditions set by the ISO.

The State asserts the district court's statements at the hearing—chiefly its statement that Ostrosky was not amenable to probation—were sufficient to find with particularity that Ostrosky's welfare would not be served by continued probation. While acknowledging that the district court did not explicitly say so, the State further argues that "magic words" are not required to satisfy the statute's particularity requirement. See *State v. Davis*, No. 111,748, 2015 WL 2137195, at *3 (Kan. App. 2015) (unpublished opinion) ("It is important to note that the plain and unambiguous language of the statute does not require any magic words. Rather, it requires that the *reasons* for finding that the members of the public will be jeopardized be stated with particularity."). To support its position, the State relies on three unpublished opinions from our court which mention nonamenability and where the revocation of probation was upheld. But a review of those cases reveals all are distinguishable.

First, the State cites *State v. Ridge*, No. 122,408, 2020 WL 5268257 (Kan. App.) (unpublished opinion), *rev. denied* 313 Kan.___ (March 19, 2021), where the district court found the defendant was not amenable to probation and imposed the underlying sentence. The panel upheld the district court, noting the defendant's substance abuse problem "was not amenable to community-based treatment options." 2020 WL 5268257, at *2. But the defendant in *Ridge* had been granted probation under a dispositional departure, which provided justification for the district court to impose the defendant's underlying sentence, as the State concedes. See K.S.A. 2017 Supp. 22-3716(c)(9)(B).

In *State v. Zwickl*, No. 116,168, 2017 WL 2712945, at *3 (Kan. App. 2017) (unpublished opinion), the panel noted cases have consistently held that when a defendant suffers from addiction and does not seek treatment, the district court is within its discretion to revoke probation. But the district court in *Zwickl* was not required to impose intermediate sanctions because the underlying crime of misdemeanor possession of drug paraphernalia was subject to a separate revocation standard. 2017 WL 2712946, at *2; see K.S.A. 2016 Supp. 22-3716(b)(3)(B). Here, intermediate sanctions were the

rule and imposition of the underlying sentence the exception. See K.S.A. 2014 Supp. 22-3716(c).

Finally, the State relies on *State v. Wilson*, No. 115,547, 2017 WL 262031 (Kan. App. 2017) (unpublished opinion). There, the district court found Wilson was not amenable to nonprison sanctions because he would not take advantage of those sanctions. The district court also explicitly stated it did not believe Wilson's welfare would be served if left to his own devices. It noted Wilson had improved since he had been in custody for the violations. The district court explained the case history showed Wilson's addictions ruled his life when Wilson was left on his own and that people took advantage of Wilson to his detriment. The panel held the district court made the necessary findings, specifically its finding that "Wilson needed more structure than probation provided" to control his addiction. 2017 WL 262031, at *2.

Of the three cases the State relies on, *Wilson* is the most related to the facts in this case. But in *Wilson*, the district court went in-depth on why it believed Wilson's welfare would not be served by intermediate sanctions. Here, the district court did note Ostrosky had not received drug abuse treatment in her previous seven years on probation, but that was in direct response to Ostrosky asking for her probation to be reinstated to give her a chance to seek treatment. The district court then found Ostrosky was "not amenable to probation" and imposed her underlying prison sentence. It lacked the detailed findings in *Wilson*.

As we have stated, findings that an offender's welfare will not be served by intermediate sanctions must be explicit and distinct; implicit or general findings are insufficient. *Dooley*, 308 Kan. at 652. In *Dooley*, the Kansas Supreme Court found the requirement was not satisfied when the district court failed to even mention public safety or the offender's welfare, "much less set forth particular reasons those concepts supported an immediate revocation of probation." 308 Kan. at 652. The same is true here.

8

The journal entry also undermines the State's argument. The journal entry lists two boxes to check in Section IV. 1 "Violation determined, Probation revoked and Defendant Ordered to Serve: Original Sentence"—(1) "Court revoked because defendant absconded or committed new crime," or (2) "Court revoked because of public safety or offender welfare finding." Given two choices in the journal entry to explain why it revoked Ostrosky's probation and imposed her underlying sentence, the district court ignored the offender welfare box and selected the absconded or committed a new crime box instead. The district court had two opportunities to explain the reasons behind its actions. In both, the district court did not mention Ostrosky's welfare as a reason to bypass intermediate sanctions.

Because its findings lack the required particularity, we vacate the district court's imposition of Ostrosky's underlying prison sentence and remand the case for a new disposition hearing. At the hearing, the district court may either impose an intermediate sanction under K.S.A. 2014 Supp. 22-3716(c)(1) or articulate a legally sufficient finding why an exception to the imposition of an intermediate sanction applies.

Vacated and remanded with directions.