(125 P.3d 573)

No. 93,305

STATE OF KANSAS, *Appellee*, v. CHRISTINA F. BANNING, *Appellant*.

Opinion filed December 23, 2005.

*Mary Curtis*, assistant appellate defender, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Phill Kline*, attorney general, for appellee.

Before RULON, C.J., GREENE, J., and BRAZIL, S.J.

RULON, C.J.: Defendant Christina F. Banning appeals the district court's decision ordering her to serve her underlying prison sentence after revoking her probation. Banning argues the court, absent making specific findings, was required to assign her to community corrections. We affirm in part, reverse in part, and remand with directions.

In November 2003, Banning entered a plea of guilty to forgery in case 03CR2134 and was subsequently given a presumptive sentence of probation for 24 months under the supervision of community corrections with an underlying sentence of 18 months in prison. In February 2004, the sentencing court revoked her probation for failing to remain in the community corrections lobby as directed; testing positive for amphetamines; and for admitting use of methamphetamine. The court then reinstated Banning's probation with the same conditions except that she was ordered to enter and successfully complete the Labette Correctional Conservation Camp (LCCC).

In March 2004, Banning entered a plea of guilty to possession of pseudoephedrine and drug paraphernalia in case 04CR78. The district court granted Banning's motion for dispositional departure from the presumptive prison sentence and placed her on probation for 60 months with an underlying prison sentence of 30 months. As a condition of her probation, Banning was ordered to complete the program at the LCCC. The sentence in 04CR78 was ordered served consecutive to 03CR2134.

Banning subsequently violated the conditions of her probation by being removed from LCCC for various violations. The district court revoked her probation in both cases and ordered her to serve her underlying prison sentences.

On appeal, Banning argues the sentencing court should have placed her on community corrections instead of ordering her to prison. First, Banning argues that before revoking probation and imposing a prison sanction, the court was required to find that she failed "to participate in or has a pattern of intentional conduct that demonstrates the offender's refusal to comply with or participate in the treatment program" pursuant to K.S.A. 2004 Supp. 21-4603d(n).

K.S.A. 2004 Supp. 21-4603d(n) applies only to felony violations of K.S.A. 65-4160 or K.S.A. 65-4162. Although Banning was charged with violating K.S.A. 65-4162(a)(3) for possession of marijuana, that charge was dismissed in the plea agreement. Possession of pseudoephedrine and drug paraphernalia are not violations of K.S.A. 65-4160 or K.S.A. 65-4162. See K.S.A. 65-7006; K.S.A. 65-4152(a)(3). As such, K.S.A. 2004 Supp. 21-4603d(n) did not require the district court to make specific findings related to Banning's participation in any drug treatment program.

Banning next argues K.S.A. 2004 Supp. 22-3716(b) requires the sentencing court to place her on community corrections instead of sending her to prison. K.S.A. 2004 Supp. 22-3716(b) reads, in relevant part:

"Except as otherwise provided, no offender for whom a violation of conditions of release or assignment or a nonprison sanction has been established as provided in this section shall be required to serve any time for the sentence imposed or which might originally have been imposed in a state facility in the custody of the

secretary of corrections for such violation, *unless such person has already at least one prior assignment to a community correctional services program related to the crime for which the original sentence was imposed* . . . ." (Emphasis added.)

Banning originally argued she had not been assigned to a community correctional service program. However, at oral argument, Banning's counsel conceded that Banning had in fact been previously assigned to community corrections in 03CR2134. Consequently, the district court could properly impose Banning's prison sentence following the probation revocation in 03CR2134.

The State argues that because Banning's probation in 03CR2134 was considered by the court in granting a dispositional departure in 04CR78, Banning's assignment to community corrections in 03CR2134 was *related to the crime* for which the underlying prison sentence was imposed in 04CR78. We disagree.

"Interpretation of a statute is a question of law, and an appellate court's review is unlimited. An appellate court is not bound by the district court's interpretation of a statute." *State v. Maass*, 275 Kan. 328, 330, 64 P.3d 382 (2003).

" 'The fundamental rule of statutory construction to which all other rules are subordinate is that the intent of the legislature governs if that intent can be ascertained. The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed rather than determine what the law should or should not be.' " *Pieren-Abbott v. Kansas Dept. of Revenue*, 279 Kan. 83, 88, 106 P.3d 492 (2005) (quoting *Williamson v. City of Hays*, 275 Kan. 300, 305, 64 P.3d 364 [2003]).

" 'The general rule is that a criminal statute must be strictly construed in favor of the accused, which simply means that words are given their ordinary meaning. Any reasonable doubt about the meaning is decided in favor of anyone subjected to the criminal statute. This rule of strict construction, however, is subordinate to the rule that judicial interpretation must be reasonable and sensible to effect legislative design and intent.' " *State v. McCurry*, 279 Kan. 118, 121, 105 P.3d 1247 (2005) (quoting *State v. Cox*, 258 Kan. 557, Syl. ¶ 7, 908 P.2d 603 [1995]).

In *State v. Miller*, 32 Kan. App. 2d 1099, 1103, 95 P.3d 127 (2004), this court interpreted K.S.A. 2004 Supp. 22-3716(b) to apply only to the case before the court for sentencing, not to prior sentencing dispositions for other offenses. We see no reason to

apply a different result here, as Banning's assignment to community corrections occurred in 03CR2134, not 04CR78.

The convictions in 04CR78 did not arise out of the same events as 03CR2134, and there were separate plea and sentencing hearings for both cases.

Although not briefed by either party, the question becomes whether ordering Banning to complete the program at LCCC constitutes assignment to a community corrections service program. We conclude that assignment to LCCC as a condition of probation does not constitute assignment to a community corrections service program within the meaning of K.S.A. 2004 Supp. 22-3716(b).

K.S.A. 75-5290 *et seq.* is the Kansas Community Corrections Act. K.S.A. 2004 Supp. 75-5291 reads:

"(a)(1) The secretary of corrections may make grants to counties for the development, implementation, operation and improvement of community correctional services that address the criminogenic needs of felony offenders including, but not limited to, adult intensive supervision, substance abuse and mental health services, employment and residential services, and facilities for the detention or confinement, care or treatment of offenders as provided in this section *except that no community corrections funds shall be expended by the secretary for the purpose of establishing or operating a conservation camp as provided by K.S.A. 75-52,127 and amendments thereto.*" (Emphasis added.)

K.S.A. 2004 Supp. 75-52,127 reads:

"On or after the effective date of this act, the secretary of corrections may establish conservation camps to provide inmates with a highly structured residential work program. *Such conservation camps shall be a state correctional institution or facility for confinement under the supervision of the secretary.* A conservation camp may accept defendants assigned to such camp as provided in K.S.A. 21-4603 or K.S.A. 21-4603d and amendments thereto. Defendants assigned pursuant to K.S.A. 21-4603 or K.S.A. 21-4603d, and amendments thereto, to a conservation camp may be transferred by the secretary to any other correctional institution or facility. Any inmate sentenced to the custody of the secretary may be confined in a conservation camp, however, only those inmates assigned to the conservation camp pursuant to subsection (1)(5) or (3) of K.S.A. 21-4603d or subsection (b)(6) of K.S.A. 21-4603, and amendments thereto, shall be eligible for release upon successful completion of the conservation camp program." (Emphasis added.)

From the plain language of the statutes, LCCC is not a community corrections service program but a state correctional institution and, therefore, assignment to LCCC as a condition of pro-

bation does not satisfy the assignment to community corrections requirement of K.S.A. 2004 Supp. 22-3716(b).

As the State notes, K.S.A. 2004 Supp. 22-3716(b) provides the following exceptions to the rule that a probation violator must first be assigned to community corrections before being ordered to serve his or her underlying sentence: (1) when the violation in question is a new misdemeanor or felony; (2) for certain adult felony offenders as described in K.S.A. 2004 Supp. 75-5291(a)(3); and (3) "if the court finds and sets forth with particularity the reasons for finding that the safety of the members of the public will be jeopardized or that the welfare of the inmate will not be served by such assignment to a community correctional services program." The State agrees that exceptions (1) and (2) are not applicable, but argues the court's comments at the probation revocation hearing satisfy exception (3). Again, we disagree.

The district judge stated, "Ms. Banning's had plenty of opportunity to change. She's not willing to do so at this time. I'll deny the request. She'll remain in the custody of the Sheriff, be delivered by the Sheriff to the Secretary of Corrections to serve the sentences imposed."

In *Miller,* the district court ordered the defendant to serve his underlying sentence because " '[Mr. Miller] received a significant break from the Court at time of sentencing by being granted not only a dispositional departure, but being assigned to court services. And Mr. Miller was unable to make it from the courthouse to court services, a half block [before violating probation].' " 32 Kan. App. 2d at1101. This court concluded the district court had failed in these statements to comply with the requirements of K.S.A. 2004 Supp. 22-3716(b). 32 Kan. App. 2d at 1101-03.

In *State v. Huskey,* 17 Kan. App. 2d 237, 834 P.2d 1371 (1992), the appellant contended the sentencing court failed to comply with K.S.A. 1990 Supp. 21-4603(4)(a) in denying his request to be placed in a community correction program. K.S.A. 1990 Supp. 21-4603(4)(a) also required a district court denying a modification to "set[ ] forth with *particularity the reasons for finding* that the safety of members of the public will be jeopardized or that the welfare of the inmate will not be served by such modification." (Emphasis

added.) In denying Huskey's request, the district court cited his involvement with drugs and stolen antique guns. This court held this was not sufficient. 17 Kan. App. 2d at 239-40. "When something is to be set forth with particularity, it must be distinct rather than general, with exactitude of detail, especially in description or stated with attention to or concern with details." 17 Kan. App. 2d 237, Syl. ¶ 2.

We are convinced the reasoning in *Miller* and *Huskey* is applicable here.

Affirmed in part, reversed in part, and remanded with directions to assign Banning to community corrections or to make the specific findings necessary under K.S.A. 2004 Supp. 22-3716(b)(3).