(248 P.3d 776)
No. 102,644

STATE OF KANSAS, *Appellee*, v. PATRICK B. GROSSMAN, *Appellant*.

Opinion filed February 25, 2011.

*Patrick B. Grossman,* appellant pro se.

*Matt J. Maloney,* assistant district attorney, *Nola Tedesco Foulston,* district attorney, and *Steve Six,* attorney general, for appellee.

Before PIERRON, P.J., MARQUARDT and HILL, JJ.

MARQUARDT, J.: Patrick B. Grossman filed a pro se appeal of the district court's order revoking his probation. We affirm.

On April 19, 2007, Grossman pled no contest to violating the Kansas Offender Registration Act, K.S.A. 22-4901 *et seq.,* a severity level 5 person felony, by failing to notify law enforcement in writing of his new address within 10 days of changing his residence. See K.S.A. 2006 Supp. 22-4904(b). The district court sentenced Grossman on June 27, 2007, to an underlying 53 months in prison, with 24 months' postrelease supervision. The district court granted Grossman's downward dispositional departure motion and placed him on probation for 36 months, to run consecutive to the time that Grossman was still required to serve on an earlier parole revocation.

In December 2008, over a year after the revocation order, the State filed a motion to clarify the starting date for Grossman's probation. At the motion hearing, the district judge referenced "an off-the-record conversation" it had with Greg Friedman, a corrections officer, at some time prior to the hearing, stating:

"And Mr. Friedman I think said that the incarceration or the requirements of the parole revocation were going to be as stringent or more than Residential, and that was the tradeoff of converting it to just Field Services when he was done with the parole revocation, rather than do parole revocation and then place him in Residential and confining him again. He just went straight to Field Services. But it starts upon completion of the parole revocation. I'm not going to let him double dip when it's a consecutive sentence."

Because Grossman completed his prior parole revocation sentence on October 24, 2008, the district court concluded that his probation for the instant case should begin on the same date.

Grossman filed a notice of appeal on December 24, 2008, but there is no evidence in the record on appeal that he filed a motion to docket this appeal. On April 21, 2009, the district court held a probation violation hearing after Grossman's intensive supervision officer (ISO) filed two warrants indicating he violated his probation on 10 different occasions. After the district court informed Grossman of the alleged violations, Grossman's attorney responded, "Your Honor, Mr. Grossman is prepared to admit those allegations and make a presentation on mitigation in support of reinstatement." The district court replied, "The defendant having waived his right to a formal hearing, admitting to the allegations contained within both those warrants, the Court finds the terms and conditions of his probation have been violated." Grossman's attorney did not object to the court's statements.

When discussing possible mitigating circumstances for his probation violations, Grossman's attorney admitted that Grossman "self-medicat[ed] through the use of marijuana" and "became suicidal through a massive ingestion of amphetamines." Further, when addressing allegations 1, 2, and 3 of the ISO's warrant, Grossman's attorney stated that "Mr. Grossman admits to this, as I have already said." At the conclusion of the hearing, the district court revoked Grossman's probation and ordered him to serve the balance of his 53-month sentence. The same day, Grossman filed a notice of appeal but did not file a motion to docket the appeal until June 19, 2009. See *City of Kansas City v. Lopp*, 269 Kan. 159, 160, 4 P.3d 592 (2000) (the district court loses jurisdiction over a case upon the filing of a motion to docket the appeal with the Clerk of the Appellate Courts).

On May 18, 2009, Grossman filed a motion with the district court claiming he unintentionally waived his right to an evidentiary hearing and asking the district court to reconsider his probation revocation. The district court denied the motion on May 29, 2009, citing a lack of jurisdiction because Grossman had already filed a notice

of appeal with this court. Grossman had filed his notice of appeal on April 21, 2009.

On appeal, Grossman argues the district court violated his due process rights when it failed to determine whether he knowingly waived his right to an evidentiary hearing and admitted to violating the conditions of his probation. Additionally, Grossman claims the district court illegally modified the beginning date of his probation based on an "off-the-record conversation" with his probation officer and unlawfully extended the length of his probation. Finally, Grossman contends the district court abused its discretion by revoking his probation and sentencing him to prison "just for a drug or alcohol addiction" and his inability to pay for treatment without the required findings under K.S.A. 22-3716(b).

## DUE PROCESS

This court has unlimited review when determining whether the district court complied with the requirements of due process during a probation revocation hearing. See *State v. Hall*, 287 Kan. 139, 143, 195 P.3d 220 (2008).

The Due Process Clause of the Fourteenth Amendment to the United States Constitution imposes substantive and procedural due process requirements whenever the State deprives someone of liberty, *i.e.*, by revoking an individual's probation. *State v. Walker*, 260 Kan. 803, 808-09, 926 P.2d 218 (1996). The United States Supreme Court in *Morrissey v. Brewer*, 408 U.S. 471, 488, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972), established minimum due process rights for parolees and extended those rights to probationers in *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973).

"Minimum due process includes written notice of the claimed violations of probation, disclosure to the probationer of the evidence against him or her, the opportunity to be heard in person and to present evidence and witnesses, the right to confront and cross-examine adverse witnesses, a neutral and detached hearing body, and a written statement by the factfinder as to the evidence relied on and reasons for revoking probation. The probationer also has a right to the assistance of counsel." *State v. Billings*, 30 Kan. App. 2d 236, 238, 39 P.3d 682 (2002) (citing *Black v. Romano*, 471 U.S. 606, 612, 105 S. Ct. 2254, 85 L. Ed. 2d 636 [1985]).

In Kansas, K.S.A. 22-3716(b) governs the procedure for probation revocation hearings and satisfies *"all* constitutional requirements" as outlined in *Gagnon.* (Emphasis added.) See *State v. Rasler,* 216 Kan. 292, 294-96, 532 P.2d 1077 (1975). According to K.S.A. 22-3716(b):

"The [probation revocation] hearing shall be in open court and the state shall have the burden of establishing the violation. The defendant shall have the right to be represented by counsel and shall be informed by the judge that, if the defendant is financially unable to obtain counsel, an attorney will be appointed to represent the defendant. *The defendant shall have the right to present the testimony of witnesses and other evidence on the defendant's behalf.* Relevant written statements made under oath may be admitted and considered by the court along with other evidence presented at the hearing." (Emphasis added.)

Grossman claims on appeal that the district court violated his due process rights by concluding he waived his right to an evidentiary hearing and stipulated to the probation violations, without first determining whether he understood the consequences of the admission. Further, he claims he never actually admitted to the probation violations; his attorney merely stated that he was "prepared to admit" to the allegations.

Grossman's claims are without merit. First, Grossman cites no legal authority to support his allegation that the "next step" after a defendant admits to violating the conditions of his or her probation is for the court to question the defendant regarding the consequences of the admission. See *State v. Harned,* 281 Kan. 1023, 1048, 135 P.3d 1169 (2006) (claims raised in passing without argument or citation to authority are deemed waived).

Second, if the district court erred by interpreting the statements of Grossman's attorney to be an admission and waiver of his right to an evidentiary hearing, neither Grossman nor his attorney objected or attempted to correct the district court at any time. See *State v. Angelo,* 287 Kan. 262, 280, 197 P.3d 337 (2008) (a litigant may not invite or lead a district court into error and then complain of the district court's action on appeal).

When considering the probation revocation hearing as a whole, it is clear that Grossman had the opportunity to be heard and to present evidence and witnesses. Instead, Grossman, through his

attorney, chose to freely admit his violations and argue for reinstatement of his probation. Accordingly, the district court did not deny Grossman due process by accepting his admissions as a knowing and voluntary waiver of his statutory right to an evidentiary hearing.

### MODIFICATION OF THE TERMS OF PROBATION

Next, Grossman seems to argue that the revocation of his probation was illegal because the district court lacked jurisdiction to modify the terms of his probation since the modification occurred after "an off-the-record conversation" with his probation officer. This reasoning appears to raise two separate arguments. First, the district court lacked jurisdiction to modify Grossman's probation from community corrections residential to field services and, therefore, it was an illegal sentence. Second, the district court violated Grossman's due process rights by modifying and extending the duration of his probation without a hearing and a finding of necessity as required under K.S.A. 21-4611(c)(8).

An illegal sentence is a sentence that does not conform to the statutory provision either in character or in the term of the punishment authorized, is imposed by a court without jurisdiction, or is ambiguous as to the time and manner in which it is to be served. *State v. Hoge*, 283 Kan. 219, 225, 150 P.3d 905 (2007). Whether a sentence is illegal is a question of law over which an appellate court has unlimited review. *State v. Pennington*, 288 Kan. 599, 601, 205 P.3d 741 (2009). Additionally, whether the constitutional right to due process has been violated is a question of law over which an appellate court has unlimited review. *Hall*, 287 Kan. at 143.

The State argues that this issue is not properly before the court because Grossman failed to appeal within 10 days of the hearing to clarify the terms of his probation. This argument is misplaced because any party can raise jurisdictional issues at any time. See *Vorhees v. Baltazar*, 283 Kan. 389, 397, 153 P.3d 1227 (2007).

Nonetheless, probation is not a sentence, nor does it affect the sentence. *State v. Dubish*, 236 Kan. 848, 851, 696 P.2d 969 (1985). Probation is

"a procedure under which a defendant, found guilty of a crime upon verdict or plea, is released by the court *after imposition of sentence*, without imprisonment except as provided in felony cases, subject to conditions imposed by the court and subject to the supervision of the probation service of the court or community corrections." (Emphasis added.) K.S.A. 21-4602(c).

The district court sentenced Grossman on June 27, 2007, to an underlying 53 months in prison, with 24 months' postrelease supervision. Any subsequent modification to the conditions of his probation did not affect his sentence in any way. Accordingly, any argument alleging an illegal sentence based on the modification of probation is without merit.

Next, Grossman argues that the district court violated his due process rights by modifying the terms and length of his probation without a hearing and a finding of necessity as required under K.S.A. 21-4611(c)(8).

Contrary to Grossman's argument, however, K.S.A. 21-4611(c) and its subsections discuss the limitations imposed on a district court when deciding "the duration of probation," not limitations when deciding the conditions of probation. Here, the district court never modified the *duration* of Grossman's probation. According to the district court's journal entry, it ordered probation "to run consecutively to any parole revocation." At the hearing on the motion to clarify probation, the district court noted Grossman was released from his parole revocation sentence on October 24, 2008. Thus, Grossman's 36-month probation period began on October 24, 2008. Accordingly, the district court was not required to hold a hearing and make a finding of necessity under K.S.A. 21-4611(c)(8) because it never modified or extended the duration of his probation.

Research has failed to reveal a case that interprets K.S.A. 21-4610(b) as specifically governing a district court's modification of the *conditions* of probation. However, K.S.A. 21-4610(b) states that "[t]he court may *at any time* order the modification of such conditions, after notice to the court services officer or community correctional services officer and an opportunity for such officer to be heard thereon." (Emphasis added.) This language suggests the district court may modify the conditions of a defendant's probation,

as long as it provides the court services officer or community correctional services officer with notice and an opportunity to be heard. See K.S.A. 21-4610(b).

Here, the record reflects that the district court discussed the modification of Grossman's probation from community corrections residential to field services with ISO Friedman at some length before the hearing on the motion to clarify. The record also indicates notice of the hearing was mailed to Grossman's ISO Shannon Bonebrake. Thus, the district court provided all parties with notice and an opportunity to be heard as required. Accordingly, the district court complied with the statute and did not deny Grossman due process.

### PROBATION REVOCATION

Finally, Grossman contends the district court abused its discretion by revoking his probation without evidence that he violated the terms of his probation. After the State establishes a probation violation by a preponderance of the evidence, the decision to revoke probation is within the sound discretion of the district court. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). A court abuses its discretion only when it makes an error of law or when its action is arbitrary, fanciful, or unreasonable. If reasonable persons could differ as to the propriety of the action taken by the district court, the district court did not abuse its discretion. See *State v. Gary*, 282 Kan. 232, 235-36, 144 P.3d 634 (2006).

An appellate court may also find that a district court abuses its discretion if the district court's decision goes outside the framework of the statute or fails to properly consider statutory limitations or legal standards. *State v. Woodward*, 288 Kan. 297, 299, 202 P.3d 15 (2009).

Grossman takes issue with the district court's decision to revoke his probation based, in part, on his failure to comply with the financial conditions of his probation without first determining whether he willfully refused or was responsible for the failure to pay or whether he made a bona fide effort to acquire the resources to pay.

Under *Bearden v. Georgia*, 461 U.S. 660, 672-74, 103 S. Ct. 2064, 76 L. Ed. 2d 221 (1983), a district court must inquire into the reasons for an indigent probationer's failure to comply with the financial conditions of his or her probation before automatically revoking probation and imposing imprisonment without considering alternatives to satisfy the requirements of substantive due process. See *State v. White*, 41 Kan. App. 2d 943, 947-48, 206 P.3d 553 (2009).

However, under the facts of this case, Grossman admitted to violating 10 conditions of his probation, including testing positive for cannabinoids on four occasions and failing to report to his ISO on two different occasions. Clearly, there were alternate grounds to support the district court's actions beyond mere nonpayment of program fees and court costs. The district court did not abuse its discretion in revoking Grossman's probation.

Finally, Grossman claims the district court abused its discretion by failing to follow K.S.A. 22-3716(b)'s legislative mandate that a district court must first assign a probation violator to community corrections before being ordered to serve his or her underlying sentence. K.S.A. 22-3716(b) provides several exceptions to the above rule:

"(1) when the violation in question is a new misdemeanor or felony; (2) for certain adult felony offenders as described in K.S.A. 2004 Supp. 75-5291(a)(3); and (3) 'if the court finds and sets forth with particularity the reasons for finding that the safety of the members of the public will be jeopardized or that the welfare of the inmate will not be served by such assignment to a community correctional services program.' " *State v. Banning*, 34 Kan. App. 2d 783, 787, 125 P.3d 573 (2005), *rev. denied* 281 Kan. 1379 (2006).

Grossman's argument also fails based on the plain language of the statute, which provides another exception. Under K.S.A. 22-3716(b), the district court is only required to assign a probation violator to community corrections before being ordered to serve his or her underlying sentence when the defendant has not already had a "prior assignment to a community correctional services program." Here, the district court granted Grossman probation on the condition that he attend a community corrections program for 36 months. However, Grossman violated the conditions of his pro-

bation, and the district court ordered him to serve his original 53-month sentence.

The district court was not required to make particularized findings indicating that the safety of the public would be jeopardized or that Grossman's own welfare would not be served by a second, subsequent assignment to community corrections before ordering him to serve his underlying prison sentence. Accordingly, the district court did not abuse its discretion in revoking Grossman's probation and ordering him to serve his original 53-month sentence.

Affirmed.