NOT DESIGNATED FOR PUBLICATION

No. 124,009

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DOMINIC P. ZALES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed September 2, 2022. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Kimberly A. Rodebaugh*, senior assistant district attorney, *Thomas R. Stanton*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., MALONE and CLINE, JJ.

PER CURIAM: Dominic P. Zales claims the district court abused its discretion when revoking his probation because the evidence did not support its finding that he violated his probation conditions. We find no error in the district court's decision and therefore affirm.

1

*Zales' unsuccessful probation*

In October 2019, Zales received a dispositional departure to probation after he pleaded guilty to four crimes: (1) distribution of heroin/certain stimulants, a severity level 3 nonperson felony; (2) possession of paraphernalia with intent to manufacture/plant/cultivate a controlled substance, a severity level 5 nonperson felony; (3) criminal possession of a firearm by a felon, a severity level 8 nonperson felony; and (4) use/possess with intent to use drug paraphernalia, a class B misdemeanor.

About eight months later, Zales stipulated to seven violations of the conditions of his probation, including: (1) engaging in illegal activity—giving a false alarm that led to a building evacuation in November 2019; (2) testing positive for methamphetamines in November and December 2019 and February 2020; and (3) failing to report. While discussing what sanction to impose for these violations, Zales' counsel told the district court that Zales had relapsed in his drug use but had since successfully completed inpatient treatment. She said Zales was doing well in outpatient drug treatment, which Zales confirmed.

The district court imposed a 30-day jail sanction, which it suspended for 60 days as long as Zales committed no new violations and missed no treatment without a valid excuse. The court reminded Zales that it could revoke his probation at any time, without imposing graduated sanctions, given his criminal history.

Within 60 days, the State moved to revoke Zales' probation. Its first motion recited that Zales failed to attend mental health appointments on July 6, 16, and 22, failed to attend outpatient treatment on July 2, failed to contact his ISO on August 10 and 12, and failed to provide documentation that he was required to quarantine. The State filed several amended motions in the following months, adding additional violations: committing domestic battery on August 16, 2020, continuing to miss mental health and

2

drug treatment appointments, not contacting his ISO on other dates in July, August, and September 2020, being unsuccessfully discharged from outpatient treatment on August 27, 2020, and testing positive for methamphetamines on February 8, 2021.

The district court found Zales violated his probation terms after an evidentiary hearing. When pronouncing its ruling, the court summarized Zales' long criminal history and reminded Zales it had granted him a departure in hopes that Zales would take advantage of that opportunity to succeed. It reminded Zales of his prior probation violations and opportunity to participate in drug treatment. It then found he had continued to violate the terms of his probation by getting unsuccessfully discharged from outpatient treatment, missing treatment appointments, and failing to report. It also found the State proved Zales had committed domestic battery. The court revoked Zales' probation and imposed his underlying sentence.

*The district court did not abuse its discretion in revoking Zales' probation.*

On appeal, Zales challenges the sufficiency of the evidence to support the district court's findings that he violated his probation. He claims COVID-19 quarantines affected his ability to attend outpatient treatment and therapy appointments, and he noted his wife recanted her domestic abuse allegations.

We find there was sufficient evidence to support the district court's finding and it did not abuse its discretion in revoking Zales' probation.

*Applicable law and standard of review*

A district court's decision to revoke an offender's probation consists of two steps: (1) making a factual determination that the offender violated a condition of probation and (2) making a discretionary determination on whether the violation warrants revoking the offender's probation. *State v. Lyon*, 58 Kan. App. 2d 474, 478, 471 P.3d 716 (2020)

(citing *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 [2008]). The probation violation must be established by a preponderance of the evidence—which is established when the evidence shows that a fact is more probably true than not true. *Lyon*, 58 Kan. App. 2d at 478; *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007). And we review the district court's factual finding that a probation violation occurred for substantial competent evidence. *Lyon*, 58 Kan. App. 2d at 478.

> "'Substantial evidence is evidence which possesses both relevance and substance and which furnishes a substantial basis of fact from which the issues can reasonably be resolved. Stated another way, substantial evidence is such legal and relevant evidence as a reasonable person might accept as being sufficient to support a conclusion. [Citations omitted.]'" *Inkelaar*, 38 Kan. App. 2d at 315.

When reviewing the district court's factual findings, we cannot reweigh the evidence nor reassess witness credibility. *State v. Yazell*, 311 Kan. 625, 627-28, 465 P.3d 1147 (2020); see also *State v. Penn*, No. 123,553, 2022 WL 497316, at *3 (Kan. App. 2022) (unpublished opinion) (stating rule in context of reviewing district court's factual finding of probation violation for substantial competent evidence).

Once a probation violation is established, a district court's decision to revoke an offender's probation and impose the underlying prison sentence is discretionary, unless otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022); *Lyon*, 58 Kan. App. 2d at 478. We review the propriety of the sanction the district court imposed for the probation violation for an abuse of discretion. A district court abuses its discretion if its decision is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *Tafolla*, 315 Kan. at 328. Unreasonable means that "no reasonable person would have taken the view adopted by the trial court." *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017). Zales bears the burden of showing an abuse of discretion. *Tafolla*, 315 Kan. at 328.

4

*Sufficient evidence supports the district court's findings.*

Zales challenges the findings of violation based on his non-attendance at treatment by arguing COVID-19 quarantines affected his ability to attend outpatient treatment and therapy appointments. He relies on his testimony at the hearing where he stated he was quarantined in April, June, July, and August.

Zales asks us to reweigh the evidence, which we cannot do. Not only did Zales' ISO provide conflicting testimony about Zales' claimed quarantines, but even Zales provides no excuse for missing appointments in September 2020. And even if the district court had accepted Zales' testimony over his ISO's, Zales' drug and alcohol counselor testified he could have attended his appointments by telephone or Zoom.

Zales similarly asks us to reweigh the testimony about the domestic battery incident. The district court found Zales' wife's recanting of her allegations unbelievable, based on the testimony of Zales' wife, her mother, and the police officer who responded to the domestic battery call. It made a credibility determination based on its observation of the testimony of all the witnesses, which we cannot overturn. See *State v. Brown*, No. 112,454, 2015 WL 9457875, at *1-2 (Kan. App. 2015) (unpublished opinion) (finding police officer's testimony at probation revocation hearing detailing victim's original report that defendant punched her, which district court credited over victim's recantation at the hearing, sufficient to support district court's finding that defendant punched victim and violated his probation by committing battery); *State v. Larraga*, No. 112,261, 2015 WL 7433531, at *1-2 (Kan. App. 2015) (unpublished opinion) (presenting similar facts and affirming based on "district court's unreviewable determination that [victim's] recantation was not credible").

And, last, Zales did not challenge the sufficiency of the evidence of the final probation violation—his failure to report to his ISO. His ISO testified that Zales failed to contact him on August 10, 2020, and August 12, 2020.

We find substantial competent evidence supports the district court's probation violation findings. Any of these grounds, alone, could establish the probation violation necessary to revoke Zales' probation. See *State v. Grossman*, 45 Kan. App. 2d 420, 428, 248 P.3d 776 (2011) (indicating district court has not abused its discretion when it relied on multiple probation violations to revoke an offender's probation and one ground is invalid, so long as alternative ground is valid); *State v. McGregor*, No. 123,340, 2022 WL 628692, at *8 (Kan. App. 2022) (unpublished opinion) (citing *Grossman*, 45 Kan. App. 2d at 428, for the proposition: "[O]nly one valid probation violation is needed to uphold the trial court's revocation of an offender's probation."), *petition for review filed* April 4, 2022.

Zales admits the district court had the legal authority to revoke his probation since it was originally granted as the result of a dispositional departure. See K.S.A. 2021 Supp. 22-3716(c)(7)(B). And we do not find the court acted unreasonably in doing so.

Affirmed.