NOT DESIGNATED FOR PUBLICATION

No.126,544

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES LOUIS MILES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Stanton District Court; CLINT B. PETERSON, judge. Opinion filed April 19, 2024. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2022 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., HURST and COBLE, JJ.

HURST, J.: James Louis Miles appeals the district court's revocation of his probation and imposition of his underlying prison term. This court granted Miles' motion for summary disposition under Supreme Court Rule 7.041A (2023 Kan. S. Ct. R. at 48), to which the State did not respond. Finding no error, this court affirms the district court's revocation.

1

FACTUAL AND PROCEDURAL BACKGROUND

Miles pled no contest to one count of possession of methamphetamine for an act he committed in January 2022. The district court sentenced Miles to 12 months of probation with an underlying prison term of 20 months.

Miles failed to succeed on probation. Less than a month after sentencing, Miles admitted violating his probation conditions by submitting a urinalysis positive for illegal substances. Miles waived his right to a probation revocation hearing and accepted a three-day jail sanction imposed by the intensive supervision officer (ISO). About one month later, Miles again admitted to violating the conditions of his probation by submitting another urinalysis positive for illegal substances and accepted a second three-day jail sanction. Only a few weeks after that, Miles again admitted to violating the conditions of his probation by submitting yet another urinalysis positive for illegal substances and accepted a third three-day jail sanction. Each of these three jail sanctions resulted from Miles' admission to the violation, waiver of his right to a probation revocation hearing before the district court, and imposition of a sanction by the ISO.

Less than a month later, Miles' ISO filed an affidavit alleging a litany of probation violations, including (1) failure to timely report as directed; (2) failure to verify and provide notice of employment; (3) failure to make required payments; (4) failure to notify and obtain approval of residency changes; (5) failure to remain in the specified area; (6) submitting a litany of illegal drug-positive urinalyses; (7) multiple admissions to illegal drug use; (8) failure to complete an updated drug and alcohol evaluation; and (9) staying out past curfew. The State thereafter moved to revoke Miles' probation based on the violations alleged in the ISO's affidavit. Miles' ISO later filed an amended affidavit adding allegations that Miles had committed two new crimes while on probation, one of which had already resulted in a conviction.

Miles' ISO testified at the probation revocation hearing that while still on probation in the present case, Miles was charged with possession of drug paraphernalia in December 2022 in the City of Ulysses Municipal Court. The ISO also testified to other pending charges, including one for possession of drug paraphernalia in Grant County for which Miles was charged but not yet convicted. The district court found that Miles violated his probation for several reasons, including being convicted for possession of drug paraphernalia. The district court revoked Miles' probation and imposed his underlying prison term. In the journal entry as the description for the reason for revocation, the court included as part of its explanation, "Defendant convicted of new crime on 1-23-23 in City Court of Ulysses, KS."

Miles filed an untimely notice of appeal. However, this court issued a show-cause order and—upon receiving a response—retained jurisdiction over the appeal under *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982).

DISCUSSION

After the State has proven a probation violation by a preponderance of the evidence, unless otherwise limited by statute, the district court has discretion to revoke probation and impose the underlying sentence. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022); *State v. Brown*, 51 Kan. App. 2d 876, Syl. ¶ 4, 357 P.3d 296 (2015) ("Once a probation violation has been established, whether to revoke the defendant's probation is a discretionary decision for the district court unless a statute specifically provides otherwise."). This court reviews the district court's revocation of probation for an abuse of discretion. *Tafolla*, 315 Kan. at 328. "A court abuses its discretion if the judicial decision (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; (3) or is based on an error of fact." 315 Kan. at 328. As the party asserting an abuse of discretion, Miles bears the burden of establishing such abuse of discretion. See 315 Kan. at 328.

Generally, the applicable statutory scheme requires district courts to first impose an intermediate sanction before revoking an offender's probation. See K.S.A. 2021 Supp. 22-3716(c)(1). However, there are exceptions to that general rule—including when the probationer commits a new crime. The district court may revoke an offender's probation without first imposing an intermediation sanction if "the offender commits a new felony or misdemeanor while the offender is on probation . . . ." K.S.A. 2021 Supp. 22-3716(c)(7)(C).

In his motion for summary disposition, Miles simply asserts the bare conclusion that "the district court erred in revoking his probation and in imposing the underlying prison sentence." Miles does not challenge the district court's finding that he committed a new crime while on probation. In fact, Miles concedes in his motion for summary disposition that he did not dispute that finding at the probation revocation hearing itself. Miles also failed to identify any legal or factual error upon which the district court based its decision and did not claim that no reasonable person would agree with the district court's decision.

While the district court identified several reasons that factored into its revocation decision, it only needed to rely on Miles' conviction for a new crime while on probation. See *State v. Novotny*, 297 Kan. 1174, Syl. ¶ 1, 307 P.3d 1278 (2013) ("When a district court provides alternative bases to support its ultimate ruling on an issue," only one valid basis is sufficient to affirm.); see also *State v. Grossman*, 45 Kan. App. 2d 420, 428, 248 P.3d 776 (2011) (no abuse of discretion in revoking probation where "there were alternate grounds to support the district court's actions beyond" the challenged ground). The district court was not statutorily required to impose an intermediate sanction before revoking Miles' probation because he committed a new crime. See K.S.A. 2021 Supp. 22-3716(c)(7)(C). Apart from committing a new crime, Miles almost immediately violated the conditions of his probation. Additionally, his unwillingness to comply with the

conditions of his probation persisted even after he received three intermediate jail sanctions. This court cannot say that no reasonable person would agree with the district court's decision to revoke Miles' probation and order him to serve his underlying prison term. The district court did not abuse its discretion in revoking Miles' probation. There was no error of law or fact, and it was not unreasonable for the district court to conclude continuing Miles' probation would be futile.

CONCLUSION

The district court's decision to revoke Miles' probation and order him to serve his underlying prison term is affirmed.

Affirmed.