NOT DESIGNATED FOR PUBLICATION

Nos. 127,395
127,396

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TREVEN A. TREASE,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE BROWN, judge. Submitted without oral argument. Opinion filed June 13, 2025. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Robin L. Sommer*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before MALONE, P.J., SCHROEDER and GARDNER, JJ.


PER CURIAM: Treven A. Trease appeals the district court's order revoking his probation and imposing the original sentence in two cases consolidated on appeal. The district court revoked Trease's probation finding that he committed new crimes while on probation, but Trease claims on appeal there was insufficient evidence of any violation. Our review of the record shows sufficient evidence that Trease committed new crimes while on probation, so we affirm the district court's judgment.

1

On May 13, 2021, Trease pled guilty to one count of aggravated assault and one count of possession of marijuana in case No. 20CR1425 (Case 1). On the same day, Trease pled guilty to one count of aggravated domestic battery in case No. 21CR671 (Case 2). The facts supporting each conviction are not pertinent to this appeal. On June 28, 2021, the district court imposed a controlling sentence of 25 months' imprisonment in Case 1 and a consecutive sentence of 25 months' imprisonment in Case 2, but the district court granted Trease probation in each case for 24 months.

Trease's probation did not go well. On September 9, 2021, the State alleged in a warrant that Trease violated his probation by failing to report to his intensive supervision officer as directed, failing to obtain a drug and alcohol evaluation, failing to obtain a domestic violence offender assessment, and failing to make payment on his scheduled payment plan. Trease stipulated to the violations, and the district court imposed 3-day quick dip jail sanction in each case and extended Trease's probation by 24 months.

On November 9, 2023, the State filed a new warrant in each case alleging that Trease committed the offenses of domestic battery and failure to stop at an accident. The district court held a probation violation hearing on February 8, 2024. The State called two witnesses: Madison Trease, the domestic battery victim and Trease's wife, and Noah Tosh, a Sedgwick County sheriff's deputy who responded to the incident.

Madison testified that on October 28, 2023, she and Trease were not yet married but were in a dating relationship. While sitting in Trease's car in the driveway of their home that day, Madison and Trease argued over Trease communicating with another woman. During the argument, Madison claimed that she began to hit and scratch herself in her face because she was upset at the thought of Trease cheating on her. Madison eventually got out of the car and told Trease to leave. Trease drove away, and soon after

Madison heard a loud noise around the street corner. Madison investigated and saw that Trease's car had slid into a neighbor's house. Madison did not recall whether a resident of the house Trease hit ever came out to talk to Trease.

Eventually the police arrived and found Madison back at her house. Madison told an officer that Trease had hit her and then "slid" his car into the neighbor's house. But she testified that her statement to police about Trease hitting her "wasn't true." Madison stated that she initially did not want to testify because she did not want to see Trease get into trouble. She reiterated that the scratches on her face were self-inflicted. Between these events and the probation violation hearing, Trease and Madison married.

Tosh testified next. Tosh responded to a call of a vehicle accident. Upon arriving, Tosh saw the vehicle and knew from previous interactions with Trease that it belonged to him. Trease was not at the scene. Tosh described how the vehicle had crashed through the living room wall of the neighbor's property. Tosh found a hat belonging to Trease at the scene. Because Tosh knew Trease, he knew where he lived and walked over to his house. As he approached, Madison met him in the front yard. Tosh noticed scratches on Madison's face and that she had a bloody nose, so he asked her what happened. Madison responded that she and Trease had gotten into an argument on the way home from a club and that Trease caused her injuries when he "palmed" her face by "putting his entire hand over her face" and latching on. Madison also described hearing the wreck happen after Trease had driven away. The State introduced into evidence four photographs of Madison's injuries and the damage caused in the crash.

Tosh testified that Trease eventually reappeared at the scene and briefly spoke with Tosh. The conversation was short, and Tosh arrested Trease. Tosh found the keys for the vehicle in Trease's pocket. After Tosh testified, the State rested.

3

Trease moved for a "directed verdict" on the allegation that he failed to stop at an accident because that offense required as an element that Trease left the scene of an accident attended by other people. Trease argued the State did not present evidence that the house he crashed his car into was attended. The district court denied the motion.

Trease then testified in his own defense. Trease testified that during his argument with Madison she started hitting herself in the face. He claimed he never touched Madison. Madison eventually got out of the car and Trease drove away. When he reached the street corner a combination of muddy tires, old tires, ice, and rain caused him to drift into the neighbor's house. Trease testified that as soon as he exited his vehicle the residents of the house came outside and were angry. Trease tried to explain himself, but he described that one of the occupants was still upset, so he "walked off." Trease stayed away from the scene until he saw officers. When Trease spoke to Tosh he admitted to sliding into the house but did not offer an explanation about Madison's injuries.

After hearing the evidence, the district court found that Trease violated his probation by committing domestic battery. The district court considered Madison's conflicting stories and found that her statements to Tosh were more persuasive than her testimony in light of her marriage to Trease and her statement that she did not want to see him in trouble. The district court also found that Trease violated his probation by committing the crime of failure to stop at an accident. After hearing arguments from counsel, the district court revoked Trease's probation and imposed the original sentence in each case. Trease timely appealed. This court consolidated the cases on appeal.

ANALYSIS

Trease's only claim on appeal is that the district court erred when it revoked his probation because there was insufficient evidence of any violation. Trease claims there was insufficient evidence that he committed domestic battery because Madison testified

4

that she injured herself and her contradictory statement to Tosh is not substantial competent evidence to support a violation. Trease also claims there was insufficient evidence that he committed the crime of failure to stop at an accident because the State presented no evidence in its case-in-chief that the house he hit with his car was "attended" by others, which is an element of the crime. The State asserts there was sufficient evidence that Trease committed new crimes while on probation.

The procedure for revoking a defendant's probation is governed by K.S.A. 22-3716. Once a probation violation is established, a district court has discretion to revoke probation and impose the original sentence unless the court is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023). Trease bears the burden to show an abuse of discretion as the party asserting it. *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022).

Courts determine whether probation has been violated under a preponderance of the evidence standard. *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007). This standard is lower than what is required to convict a defendant at trial, so courts may determine the evidence is enough to find a probation violation even if that evidence may not be enough to support a conviction. *State v. Jackson*, No. 122,822, 2022 WL 2392515, at *2 (Kan. App. 2022) (unpublished opinion). Appellate courts review the factual determination that probation has been violated for substantial competent evidence. *Inkelaar*, 38 Kan. App. 2d at 315. Substantial competent evidence refers to legal and relevant evidence that a reasonable person could accept as being adequate to support a conclusion. *State v. Smith*, 312 Kan. 876, 887, 482 P.3d 586 (2021).

*Domestic battery*

Starting with the domestic battery finding, Trease argues that because Madison testified that she hurt herself, the district lacked substantial competent evidence to find otherwise. He claims that Madison's statement to Tosh "cannot be viewed as sufficient to support a finding that [he] committed the offense of domestic battery" because that statement was inconsistent with Madison's testimony at the violation hearing.

The State alleged Trease committed domestic battery under K.S.A. 21-5414(a) which defines the offense as:

> "(1) Knowingly or recklessly causing bodily harm to a person with whom the offender is involved or has been involved in a dating relationship or a family or household member; or
> "(2) knowingly causing physical contact with a person with whom the offender is involved or has been involved in a dating relationship or a family or household member, when done in a rude, insulting or angry manner."

Madison testified she told Tosh that Trease hit her and caused her injuries. Tosh also testified that Madison described to him how Trease had "palmed" her face. Photographs of the resulting scratches and bloody nose were admitted into evidence. The district court considered that testimony and found Madison's statements to Tosh to be more persuasive and more credible than her contradictory testimony. The district court also heard testimony that Madison and Trease were in a dating relationship at the time and Trease does not contest that on appeal. Evidence that Trease hit or palmed Madison in the midst of an argument with enough force to leave scratches and a bloody nose creates a reasonable inference that he did so knowingly or recklessly. *State v. Roberts*, 314 Kan. 835, 850, 503 P.3d 227 (2022) (finding culpable mental states may be, and typically are, inferred from circumstantial evidence).

6

This case presents the classic domestic violence scenario where the victim reports a battery to officers responding at the scene but recants those statements in court. The district court heard what it deemed to be credible evidence that Trease knowingly or recklessly hit or palmed Madison's face while they were in a dating relationship that resulted in injury. That satisfies all of the elements of domestic battery under the applicable statute. We conclude substantial competent evidence supported the district court's finding that Trease violated his probation by committing domestic battery.

We could end our analysis here because any single probation violation provided the district court with authority to revoke Trease's probation under K.S.A. 22-3716(c). See *State v. Grossman*, 45 Kan. App. 2d 420, 428, 248 P.3d 776 (2011) (holding that only one valid probation violation is needed to uphold the district court's revocation of an offender's probation). But for the sake of completion, we will also address Trease's alleged violation for committing the crime of failure to stop at an accident.

*Failure to stop at an accident*

K.S.A. 8-1602(a) provides:

"The driver of any vehicle involved in an accident resulting in injury to, great bodily harm to or death of any person *or damage to any attended vehicle or property* shall immediately stop such vehicle at the scene of such accident, or as close thereto as possible, but shall then immediately return to and in every event shall remain at the scene of the accident until the driver has fulfilled the requirements of K.S.A. 8-1604, and amendments thereto." (Emphasis added.)

K.S.A. 8-1602(a) requires that a damaged vehicle or property be "attended," and Trease argues that the State presented no evidence in its case-in-chief that the house Trease damaged with his car was attended by other people. Trease acknowledges that he provided this evidence in his own testimony when he described how the residents of the

7

house came outside immediately after the accident and confronted him in anger. But Trease argues that the State did not present this evidence through the testimony of Madison or Tosh, and he argues that the district court erred by denying his motion for a "directed verdict" when the State rested its case at the probation violation hearing.

To the extent that Trease argues the district court needed to grant his motion for a directed verdict, he is mistaken. As the State points out, Trease does not explain under what statute he brought his motion at the probation violation hearing. Motions for judgment as a matter of law under K.S.A. 2024 Supp. 60-250 only apply to jury trials, and motions for judgment of acquittal under K.S.A. 22-3419 only apply in direct criminal proceedings to charges based on a complaint, indictment, or information.

A motion for judgment on partial findings under K.S.A. 2024 Supp. 60-252(c) is the analogous motion in a nonjury trial to a motion for judgment as a matter of law under K.S.A. 2024 Supp. 60-250 and encompasses the older and phased out term, a directed verdict. *MFA Enterprises, Inc. v. Delange*, 50 Kan. App. 2d 1049, 1053, 336 P.3d 891 (2014). But K.S.A. 2023 Supp. 60-252(c) is discretionary and provides that a court may, not must, enter judgment when a party has been fully heard and if the court finds against that party. The statute also states: "The court may, however, decline to render any judgment until the close of the evidence." K.S.A. 2023 Supp. 60-252(c). Thus, the district court had no obligation to grant Trease's motion before the close of all evidence even if he was correct that the State failed to establish an element in its case-in-chief.

We also observe that Trease may be barred from making this argument under what is known as the "waiver rule" which states that a defendant who presents evidence on his own behalf, after the district court has overruled a motion for acquittal at the close of the State's case-in-chief, waives any error in the denial of the motion. See *State v. Frantz*, 316 Kan. 708, 732-35, 521 P.3d 1113 (2022); *State v. Blue*, 225 Kan. 576, 578, 592 P.2d

8

897 (1979). Although application of the waiver rule has been criticized in some jurisdictions, Kansas courts have not abandoned the rule. *Frantz*, 316 Kan. at 735.

The district court eventually heard evidence at the probation violation hearing that the house Trease damaged with his car was attended by other people. Trease does not challenge the sufficiency of the evidence to establish the other elements of the crime of failure to stop at an accident. Substantial competent evidence supports the district court's finding that Trease violated his probation by committing the crime of failure to stop at an accident. Thus, we conclude the district court did not err in revoking Trease's probation.

Affirmed.